## SCHOFIELD *v.* SPILKER

1. RELEASE—CONTRACTS—CONSIDERATION.

   A release executed by one of two injured parties, the injured parties being aunt and niece, as a condition to a settlement between the tortfeasor and the other injured party was sufficiently supported by consideration to be valid and to bar a suit by the releasing injured party, because the benefit inuring to the injured party who settled with the tortfeasor constituted sufficient consideration.

2. RELEASE—CLAIMS OF MINORS—APPROVAL—BAR.

   A release by the Ohio-appointed guardian of a minor which was executed without the advice, approval and consent of the Ohio probate court, as required by Ohio law, is not valid and does not bar an action in this state by the minor's guardian against the tortfeasor to whom the release was given.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 November 9, 1971, at Lansing. (Docket No. 9254.) Decided November 22, 1971.

Complaint by Evelyn M. Schofield, guardian of the estate of Pamela E. Schofield, against Hattie Spilker, John D. Spilker, and others for damages from injuries sustained in an automobile collision. Accelerated judgment for defendants Spilker. Plaintiff appeals. Reversed and remanded for trial.

*Gault, Davison & Bowers* (by *Philip M. Ambrose*), for plaintiff.

*Paul F. Coughlin,* for defendants Spilker.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur, Release § 32.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

Quinn, J. On the basis of a release, or releases, the trial court granted defendants Spilkers' motion for an accelerated judgment, and plaintiff appeals. We reverse.

June 15, 1965, Pamela E. Schofield, a minor resident of Ohio, was a passenger in an automobile driven by her aunt, Vivian Fetterhoff, in Genesee County, Michigan. The auto collided with a trailer which had broken loose from an auto owned by Hattie Spilker and driven by John Spilker, causing injuries to the minor and her aunt.

December 22, 1965, Pamela's mother, Evelyn M. Schofield, was appointed guardian by the Probate Court of Lorain County, Ohio, and December 23, 1965, on application of the guardian, that court approved a settlement of the minor's claim against plaintiff's insurer under an uninsured motorist provision in the amount of $10,000. June 30, 1966, plaintiff's insurer paid the $10,000 and took a release and trust agreement from plaintiff.

April 24, 1967, Vivian Fetterhoff commenced an action against the Spilkers. Although Spilkers were uninsured and uncollectible, in order to obtain the return of their driver's licenses which had been taken from them under the financial responsibility act, Spilkers agreed to a settlement of the Fetterhoff claim. On condition that Spilkers received a complete release from the Schofields as parents and guardian of Pamela for all claims arising out of the June 15, 1965 accident, Spilkers agreed to pay Fetterhoff $2,000 on a time basis. The required release and a covenant not to sue were obtained and a consent judgment was entered in favor of Mrs. Fetter-

hoff and against the Spilkers in the sum of $2,000, which has been substantially paid.

Although the only issue raised on appeal by plaintiff relates to the release obtained from Schofield as a condition to the settlement between Fetterhoff and Spilkers, the colloquy between the court and counsel at the January 16, 1970 hearing and the form of the order granting accelerated judgment indicate that the first release mentioned in this opinion is also involved.

With respect to the latter, the record establishes that the release executed by plaintiff as part of the settlement with her insurer for the claims arising from Pamela's injuries had no relation to claims of Pamela against Spilkers. Regardless of the language of that release, it could not inure to the benefit of the Spilkers.

Plaintiff attacks the validity of the release executed as a condition to the settlement between Mrs. Fetterhoff and Spilkers on the basis of no consideration flowing from Spilkers to plaintiff. Consideration for a promise may inure to one other than the promisor, *Highland Park* v. *Grant-Mackenzie Co.* 366 Mich 430, 447 (1962). Here the benefit to Mrs. Fetterhoff, plaintiff's sister, was consideration for the release.

Plaintiff's second attack on the release last mentioned is based on the requirements of § 2111.18, Ohio Revised Code. That section requires that settlement and release of the claims of minors of the type here involved must be with the advice, approval, and consent of the probate court. The release from plaintiff to Spilkers as part of the Fetterhoff settlement was not with the advice, approval, and consent of the Ohio probate court and that release is no bar to the present action.

We decline comment on defendants' issue relating to the statute of limitations. No defense based on that statute was pleaded as required by GCR 1963, 111.7.

Reversed and remanded for trial with costs to plaintiff.

All concurred.