DUES v UNIVERSAL UNDERWRITERS INSURANCE COMPANY

INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE.
   The statute which requires that uninsured motorist coverage be
   included in all policies unless the named insured rejects such
   coverage in writing does not require that the written rejection
   be made at a time after the insurer has delivered to the
   insured a policy which contains such coverage (MCLA
   500.3010).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 April 4, 1972, at Lansing. (Docket No. 11751.) Decided June 28, 1972.

Complaint by Thomas G. Dues against Universal Underwriters Insurance Company, Michigan Mutual Liability Insurance Company, Donald Dues, and the state Motor Vehicle Accident Claims Fund for a declaratory judgment to determine which defendant or defendants are liable for damages sustained in an automobile accident with an uninsured motorist. Summary judgment for Universal Underwriters Insurance Company. The Motor Vehicle Accident Claims Fund appeals. Affirmed.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for defendant Universal Underwriters Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bil-*

REFERENCES FOR POINTS IN HEADNOTE
, 7 Am Jur 2d, Automobile Insurance § 135.
 Rights and liabilities under "uninsured motorists" coverage, 79 ALR2d 1252.

*itzke* and *Carl K. Karlsen,* Assistants Attorney General, for defendant Motor Vehicle Accident Claims Fund.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

PER CURIAM. On April 2, 1969, plaintiff, Thomas G. Dues, applied for motor vehicle accident insurance with defendant Universal Underwriters Insurance Company. At that time, plaintiff signed the following statement:

> "I understand that the policy to be issued by Universal Underwriters Insurance Company, if it is to contain liability coverage, will also include uninsured motorists coverage with limits of liability of $10,000 each person and $20,000 each accident, and further that said uninsured motorists coverage will cost me $15. I understand that uninsured motorists coverage entitles me and any other insured qualifying for uninsured motorists coverage to collect from Universal Underwriters Insurance Company such sums within the limits of uninsured motorists coverage as I or we may be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured vehicle. I acknowledge that uninsured motorists coverage has been explained to me to my satisfaction and that I have the right to reject such uninsured motorists coverage, and in the event that I do reject such coverage, that I will not be charged the $15 premium.
> "(Signature of Thomas G. Dues)
> "I hereby reject uninsured motorists coverage.
> "(Do not sign if uninsured motorists coverage is desired.)"

Plaintiff was subsequently issued a policy of insurance effective from April 2, 1969, to April 2,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

1970. The policy, as delivered to plaintiff, contained the following notice:

"The uninsured motorists coverage which is included in this policy has been explained to the named insured as required by Act 388, PA 1965. The insured can reject such coverage by notice in writing to the Company."

The policy also indicated that plaintiff had rejected such uninsured motorist coverage.

Plaintiff alleges that on May 4, 1969, he was injured as the result of the negligence of a hit-and-run driver whose identity has not been discovered. Plaintiff instituted this cause of action to obtain compensation for his injuries.

Plaintiff alleges that the rejection by him of uninsured motorist coverage did not comply with statutorily mandated procedures and that therefore such coverage should be read into the policy. The court below, in a written opinion, denied plaintiff's motion for summary judgment, and granted a like motion in favor of defendant Universal Underwriters. An appeal from this judgment was taken by the State Motor Vehicle Accident Claims Fund (hereinafter Fund).

The controversy herein concerns the interpretation of the uninsured motorist statute (MCLA 500.3010; MSA 24.13010) which, stripped of language irrelevant to this controversy, reads as follows:

"No automobile liability * * * policy * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided therein * * * for the protection of persons insured thereunder who are 'legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice * * *

that such protection coverage was explained to him and that he can reject such coverage by notice in writing. Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

The Fund, on appeal, contends that a rejection of uninsured motorist coverage prior to the delivery of a policy of insurance is ineffective. It relies on *Oatis v Dairyland Insurance Co,* 20 Mich App 367 (1969), to support that proposition. Our reading of *Oatis* does not square with that of the Fund. The holding therein was that a rejection of uninsured motorist coverage which occurred prior to the effective date of the uninsured motorist statute here in question did not constitute compliance with that statute. Rejection herein occurred well after the effective date of the statute. The Fund argues that in order for a rejection of uninsured motorist coverage to be valid, it must be made by the insured after the insurer has delivered to him a policy which contains uninsured motorist coverage.

The language of the statute does not support this argument. The statute requires that uninsured motorist coverage be included, as a matter of course, in all policies issued after the effective date of the statute, "unless the named insured rejects such coverage in writing as provided herein". The only provision for effecting rejection is "notice in writing", which was given. The statute says nothing as to the time of the notice and we can see no reason for reading a time provision into the statute.

Affirmed.