## SMITH v BALBOA INSURANCE COMPANY

INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MOTORIST COVERAGE—APPLICATION FOR INSURANCE—STATUTES—CONSTRUCTION.

The correct construction of a statute, providing that no automobile liability or motor vehicle policy insuring against loss resulting from liability imposed by law for bodily injury or death arising out of the ownership, maintenance or use of a motor vehicle shall be issued or delivered without uninsured motorist coverage "unless the named insured rejects such coverage in writing" and that "[a]ll such policies shall contain a notice * * * that such protection coverage was explained to him and that he can reject such coverage by notice in writing", is that the offer of uninsured motorist coverage and its rejection by the insured may be in an application for the issuance of such a policy (MCLA 500.3010).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and V. J. Brennan and Bashara, JJ., affirming Macomb, Frank E. Jeannette, J. (Docket No. 55,181.) Decided April 4, 1974.

Complaint by Lindell D. Smith against Balboa Insurance Company for a declaratory judgment determining defendant's liability for uninsured motorist coverage. Judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Perica, Breithart & Carmody,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 135–138.

PER CURIAM. The Court of Appeals, relying on its holding in *Dues v Universal Underwriters Insurance Co,* 41 Mich App 631; 200 NW2d 487 (1972), held that a written rejection of uninsured motorist coverage in an application for an automobile liability or motor vehicle liability policy complies with the requirements of MCLA 500.3010; MSA 24.13010 and that this statute does not require that the rejection be made at a time after the insurer has delivered to the insured a policy which contains uninsured motorist coverage.

This statute provides that no automobile liability or motor vehicle policy insuring against loss resulting from liability imposed by law for bodily injury or death arising out of the ownership, maintenance or use of a motor vehicle shall be issued or delivered without uninsured motorist coverage "unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice * * * that such protection coverage was explained to him and that he can reject such coverage by notice in writing."

In the present case, the rejection was not in the policy but, rather, in an application for the policy, as follows:

"I, the undersigned, understand that I am entitled, for $15.00 in additional premium payable to the Balboa Insurance Company, to have this policy contain an 'uninsured motorist endorsement' with limits of $10,000/$20,000 insuring the persons insured hereunder, their heirs or legal representatives, for all sums within such limits which he or they as the case may be shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. In that I do not desire 'uninsured motorist coverage', as described above, however, I hereby expressly waive, as permitted by the provisions of the Michigan Insurance Code the require-

ment that this policy contain said uninsured motorist provision, and I request the Balboa Insurance Company to issue its policy of liability insurance to me with the express understanding that uninsured motorist coverage is to be deleted therefrom both as to the named insured and as to any other person otherwise qualifying for coverage thereunder.

Applicant's Signature _____ Lindell D. Smith (sgd.) _____

Applicant's Signature _____ Lindell D. Smith (sgd.) _____

NOTE: If Uninsured Motorist Coverage is NOT to be included the Applicant must sign both places or the application will not be accepted. Policy is subject to a non refundable minimum premium charge of $20.00."

In *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464, 473; 201 NW2d 786 (1972), this Court paraphrased the statute and commented as follows:

"It unequivocally requires that '[n]o * * * policy * * * be delivered * * * unless coverage is provided therein'. Stated in the affirmative, *every* policy *must have* this coverage. Only after the mandatory offer is made can the insured reject it in writing." (Emphasis by the Court.)

The issue presented and considered in *Blakeslee, supra,* did not concern the manner in which the offer of uninsured motorist coverage was to be made or the manner in which it could be rejected by the insured. This Court there stated only that every policy must have this coverage unless "after the mandatory offer" the insured rejects it. *Blakeslee* did not decide the present question of whether the offer could be made and rejected in the application before the policy was issued.

We agree with the Court of Appeals that the correct construction of the statute is that the offer of uninsured motorist coverage and its rejection by

the insured may be in an application for the issuance of such a policy as was done in this case.

We grant leave to appeal and *sua sponte* enter a final decision affirming the judgment of the Court of Appeals in this case.

T. M. Kavanagh, C. J., and T. G. Kavanagh, Swainson, Williams, Levin, M. S. Coleman, and J. W. Fitzgerald, JJ., concurred.