RELIANCE INSURANCE COMPANY v HANEY

1. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—
    STATUTES.

    The language of a statute which required automobile liability
    insurance policies to protect the insured against uninsured
    motorists unless the named insured knowingly rejected such
    coverage was plain, unambiguous, and mandatory; the purpose
    of the statute was to place the victim of the uninsured motorist
    in the same position he would have occupied had the tortfeasor
    been insured (MCLA 500.3010).

2. PARENT AND CHILD—PARENTAL AUTHORITY—CLAIMS AGAINST
    CHILD.

    A parent has no authority merely by virtue of the parental
    relation to waive, release, or compromise claims by or against
    his child.

3. PARENT AND CHILD—GUARDIAN AND WARD.

    The status of a parent is one of guardian by nature.

4. GUARDIAN AND WARD—POWERS OF GUARDIAN—BINDING WARD.

    A guardian is without power to bind the infant or his estate
    unless authorized by statute.

5. GUARDIAN AND WARD—AUTHORITY OF GUARDIAN—DETRIMENTAL
    ACTS.

    A guardian has no authority to do any act which is detrimental
    to his ward.

6. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—
    WAIVER—NOTICE—PARENT AND CHILD—STATUTES.

    A waiver of uninsured motorist coverage may have been invalid
    where the waiver was not made by the named insured as
    mandated by statute but rather by the named insured's father,

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 7 Am Jur 2d, Automobile Insurance § 136.
    Rights and liabilities under "uninsured motorists" coverage. 79
    ALR2d 1252.
[2–5] 39 Am Jur 2d, Guardian and Ward §§ 5–10.

and where the statute concerning uninsured motorist protection was not complied with in that the specified notice regarding uninsured motorist coverage was not displayed prominently on the front page of the insurance policy; therefore, a determination that as a matter of law the waiver of uninsured motorist coverage was fully dispositive of a claim by the named insured against the insurer was erroneous (MCLA 500.3010).

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 May 7, 1974, at Lansing. (Docket No. 18407.) Decided June 27, 1974.

Complaint by Reliance Insurance Company against Robert T. Haney and the American Arbitration Association for declaratory judgment that uninsured motorist coverage was not included in a policy of automobile insurance issued by plaintiff to defendant Haney. Judgment for plaintiff. Defendants appeal. Reversed and remanded with instructions.

*Collison & Fordney, P. C.* (by *John A. Chasnis),* for plaintiff.

*van Benschoten & van Benschoten, P. C.,* for defendants.

Before: BRONSON, P. J., and HOLBROOK and O'HARA,* JJ.

HOLBROOK, J. On May 25, 1969, defendant-appellant Robert T. Haney was involved in a motor accident with an uninsured motorist. Subsequently, Haney filed notice demanding arbitration before the American Arbitration Association on the basis that he had a private policy of insurance with the Reliance Insurance Company which cov-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ered the loss occasioned by the accident. Plaintiff denied that such protection was afforded, due to what it asserted to be a properly executed waiver of coverage.

On June 28, 1972, an arbitrator was appointed and hearing set for July 18, 1972. At the hearing before the arbitrator, plaintiff requested the right to file a complaint for declaratory judgment in circuit court on the basis that no uninsured motorist coverage was provided to appellant. The complaint was filed in September and on February 7, 1973, the trial court granted an order restraining all parties from further proceedings before the arbitrator until a determination on the declaratory judgment complaint could be made. Two days later, defendants Haney and American Arbitration Association moved for accelerated judgment or, in the alternative, summary judgment on the grounds that defendants were entitled to judgment as a matter of law and that plaintiff had failed to state a cause of action. The court granted plaintiff's motion for declaratory judgment on July 12, without passing upon defendants' motions, and wrote:

"Upon the motion of RELIANCE INSURANCE COMPANY for a declaratory judgment pursuant to the Uninsured Motorist Statute (MCLA 500.3010; MSA 24.13010) and upon the finding of this court that the waiver of uninsured motorist coverage by J. B. HANEY [father of appellant Robert T. Haney] was in compliance with the aforementioned statute as a matter of law; and such waiver being fully dispositive of the controversy between RELIANCE INSURANCE COMPANY and ROBERT T. HANEY:

"IT IS THEREFORE ORDERED and adjudged that ROBERT T. HANEY be permanently enjoined from proceeding against RELIANCE INSURANCE COMPANY inasmuch as a valid rejection of the uninsured motorist coverage was executed as a matter of law."

Insurance had been sought for the then 19-year-old Robert T. Haney through the Bruce G. Kendall Insurance Agency.[1] An application for insurance dated June 16, 1968, was signed by J. B. Haney. By a separate form, appellant Haney's father signed a waiver for uninsured motorist coverage. Appellants contend that this waiver was not knowingly executed and was not in accordance with the statute. The statute then in effect read:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the *named insured* rejects such coverage in writing as provided herein. *All such policies shall contain a notice, displayed prominently on the front page of the policy, in at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing.* Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a

---

[1] This cause of action arose before the effective date (January 1, 1972) of the so-called Age of Majority Act, MCLA 722.51 *et seq.;* MSA 25.244(51) *et seq.;* therefore, Robert was a minor at the time. See *Barbier v Barbier,* 45 Mich App 402, 404; 206 NW2d 464, 466 (1973),

policy previously issued to him by the same insurer."[2] (Emphasis supplied.) MCLA 500.3010; MSA 24.13010.

The language of the statute is plain, unambiguous, and is mandatory. *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464, 473; 201 NW2d 786, 791 (1972); *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482, 487; 201 NW2d 795, 798 (1972). See, also, *Collins v Motorists Mutual Insurance Co,* 36 Mich App 424, 431; 194 NW2d 148, 151–152 (1971). The purpose of the statute is "to place the victim of an uninsured motorist in the same position he would have occupied had the tortfeasor been insured". *Hopkins v Auto-Owners Insurance Co,* 41 Mich App 635, 638; 200 NW2d 784, 786 (1972). Moreover, the statute was remedial and the public policy of the state. *Winans v Hartford Accident Indemnity Co,* 25 Mich App 75, 83; 181 NW2d 17, 21 (1970).

The statute states that no policy shall issue without uninsured motorist coverage unless the *named insured* rejects the coverage in writing. In the present case, while defendant Robert T. Haney's father appears to have signed the application with the Kendall Agency for insurance for the son, the named insured was Robert. This is further evidenced by the fact that the policy as issued stated that the named insured was Robert and made no mention of Mr. J. B. Haney, who had signed the rejection statement. Taken literally, the statute's requirement was not met in that the named insured did not waive coverage.

Plaintiff, in its brief on appeal, states that J. B. Haney purchased the insurance for Robert and signed the waiver in his son's presence. While this may be true, there is no record to support the

---

[2] Added to 1956 PA 218 by 1965 PA 388, later amended by 1971 PA 210, repealed by 1972 PA 345, effective January 9, 1973.

assertion. We have no means of determining under what authority defendant Haney's father was acting, which is not unimportant in this regard. Questions of fact relating to this issue have not been answered, *inter alia:* what facts surrounded the purchase of insurance and waiver of uninsured motorist coverage; did Robert attempt to purchase insurance himself; did J. B. Haney have insurance on the vehicle (which was registered in his name) and, if so, was Robert covered as a secondary driver thereunder; was it understood that Robert was to be the sole driver of the automobile and was the insurance, thus, solely for his benefit; who was to pay the premiums; and, who, in fact, paid the premiums. These are questions which demand remand as a basic question remains, *viz.,* was the father empowered to effect a valid and knowing waiver on behalf of his son? See, for instance, 1 Restatement Agency, 2d, § 20, Comment c, p 91.

A parent has no authority merely by virtue of the parental relation to waive, release, or compromise claims by or against his child. 67 CJS, Parent & Child, § 58, p 764; *Schofield v Spilker,* 37 Mich App 33; 194 NW2d 549 (1971). The status of a parent is one of guardian by nature. *Monaghan v Agricultural Fire Insurance Co,* 53 Mich 238, 244; 18 NW 797, 799 (1884); 39 CJS, Guardian & Ward, § 3, pp 10–12; 39 Am Jur 2d, Guardian & Ward, § 5, p 13. Unless authorized by statute, a guardian is without power to bind the infant or his estate. 39 Am Jur 2d, *supra,* § 99, p 84. The natural guardian may not consent to the surrender of life insurance which has been taken out for the benefit of the child. 39 Am Jur 2d, *supra,* § 9, p 16. As a general proposition, the guardian has no authority to do any act which is detrimental to his ward. 13 Michigan Law & Practice, Guardian & Ward, § 41,

p 156. 39 CJS, *supra,* § 73, p 114; *cf. Power v Harlow,* 57 Mich 107, 111; 23 NW 606 (1885); and *Anderson v Newport Mining Co,* 202 Mich 204; 168 NW 523 (1918). The very fact that Robert was injured by an uninsured motorist and the insurer denies coverage on the basis of the father's waiver for the son indicates a detrimental act.

In *Oatis v Dairyland Insurance Co,* 20 Mich App 367; 174 NW2d 35 (1969), the trial court had granted defendant insurance company's motion for summary judgment on the basis that plaintiff had no uninsured motorist coverage in effect on the date of the accident. Appeal was brought by the Secretary of State as custodian of the Motor Vehicle Accident Claims Fund. The rejection of the uninsured motorist coverage was contained in an area of the application for insurance which was separated from the body of the form by a heavy dark line. The rejection required a separate signature by the applicant. The policy issued on the basis of this application was renewed the next year. In the interim, MCLA 500.3010; MSA 24.13010 went into effect. Chief Judge LESINSKI, as concurred with by Judge QUINN and this author, wrote:

"The statute was clearly passed with the uninsured motorist fund in mind. Indeed, MCLA 500.3010; MSA 24.13010, which is 1965 PA 388, was passed the same day as 1965 PA 389, the latter containing several amendments to the Motor Vehicle Accident Claims Act. Moreover, in *Woods v Progressive Mutual Insurance Company,* 15 Mich App 335; 166 NW2d 613 (1968), this Court accepted the fact agreed to by both parties therein that this statute and the Motor Vehicle Accident Claims Act are *in pari materia.*

"With the statute the legislature has encouraged the purchase of uninsured motorist coverage by requiring specific notice and specific written rejection of the cov-

erage. *The required notices also serve to place to the burden of guaranteeing a knowledgable rejection on the insurance company.*

\* \* \*

"It is hornbook law in Michigan that statutes must be read as a whole and that the duty of the courts is to implement legislative intent. As noted above, the policy of the legislature was to encourage the purchase of this coverage by requiring that it is only rejected after the insured is fully aware of what he is doing. To obtain this goal a specific procedure was set out in the statute, the following of which would greatly increase the chances that only knowledgeable rejections are made." (Emphasis supplied.) *Oatis v Dairyland Insurance Co,* 20 Mich App 367, 371–373; 174 NW2d 35, 37–38 (1969).

The Court held that the insurance contract provided uninsured motorist coverage and reversed the summary judgment entered in favor of the insurance company.

Plaintiff relies upon *Dues v Universal Underwriters Insurance Co,* 41 Mich App 631; 200 NW2d 487 (1972). In *Dues,* the plaintiff signed a statement which waived uninsured motorist protection. Subsequently, a policy issued which contained notice of explanation of uninsured motorist coverage to the named insured, and the option of rejection by notice in writing to the company. *Dues* is not applicable to the instant case because in the *Dues* insurance policy the required notice was present. In the instant case, the policy failed to contain the statutory notice.

The waiver here may not have been made knowingly because it was not made by the named insured, as mandated by the statute, and the question remains as to whether the father could properly waive the coverage for his son. Moreover, the statute was not properly complied with in that the specified notice was not "displayed promi-

nently on the front page of the policy". The claimed waiver may be invalid and therefore the judgment of the trial court was erroneous.

The trial court's grant of declaratory judgment as a matter of law is reversed and the case is remanded for further proceedings in accordance with this opinion. Costs to defendants.

All concurred.