SAARI v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

1. PLEADING—COMPLAINT—ALLEGATIONS—FAILURE TO STATE A CLAIM
—SUMMARY JUDGMENT—COURT RULES.

The material allegations in a plaintiff's complaint must be viewed
as true, at both the trial and appellate levels, for the purpose of
a motion for summary judgment on the ground that the com-
plaint fails to state a claim upon which relief can be granted
(GCR 1963, 117.2[1]).

2. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—MINIMUM LIM-
ITS—BODILY INJURY—DEATH—STATUTES.

The required minimum limits of automobile liability insurance
for bodily injury to or the death of one person in any one
accident is $20,000 in this state (MCLA 257.520; MSA 9.2220).

3. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—
THIRD-PARTY SETTLEMENTS.

A person who is injured by an insured third-party motorist may
not recover under the uninsured motorist provision of his own
policy those damages which exceed the amount for which he
has settled with the third party.

Appeal from Gogebic, Donald L. Munro, J. Sub-
mitted October 12, 1976, at Marquette. (Docket No.
27559.) Decided November 9, 1976. Leave to appeal
denied, 399 Mich —.

Complaint by Reino D. Saari and Elsi Saari
against State Farm Mutual Automobile Insurance
Company for recovery under the uninsured motor-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 17, 22, 23.
[2] 7 Am Jur 2d, Automobile Insurance § 194 et seq.
Construction and application of provision of automobile indemnity
or liability policy limiting amount of insurer's liability for injury
or death. 150 ALR 1154.
[3] 7 Am Jur 2d, Automobile Insurance § 135 et seq.

ist provision of their insurance policy because Reino D. Saari was injured while a passenger on a bus involved in an accident. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Wisti & Jaaskelainen* (by *Kermit C. Bryant),* for plaintiffs.

*Weis, Cossi & Slade,* for defendant.

Before: M. J. KELLY, P. J., and J. H. GILLIS and W. P. HAMPTON,* JJ.

W. P. HAMPTON, J. Plaintiffs commenced this action seeking recovery under the uninsured motorist provision of their contract of insurance issued by defendant. The circuit court granted defendant's motion for summary judgment, stating that plaintiffs failed to state a claim upon which relief could be granted (GCR 1963, 117.2[1]).

Plaintiff Reino D. Saari was injured when a bus, owned by the White Pine Transit Company, was involved in an accident. Mr. Saari was a passenger on the bus. An action was commenced against the White Pine Transit Company for Mr. Saari's injuries, which resulted in a settlement with the transit company for $45,000 and a release was executed. Plaintiffs' complaint in the present case alleged that because of inadequate insurance coverage held by White Pine Transit Company, the plaintiffs were forced to settle their cause for a sum far less than the damages sustained by them as a result of the accident.

Inasmuch as the motion for summary judgment was made pursuant to GCR 1963, 117.2(1), the material allegations in plaintiffs' complaint must be viewed as true, both at the trial and appellate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

levels, *Bielski v Wolverine Insurance Co,* 379 Mich 280; 150 NW2d 788 (1967). Therefore, in the instant case it must be accepted as true that plaintiffs were forced to settle their claim against the transit company for less than the actual damages sustained because of the inadequate insurance coverage of the transit company. There was in existence one-half million dollars in insurance for the entire accident, which involved passengers other than Mr. Saari. The required minimum limits of insurance for bodily injury to or death of one person in any one accident in Michigan is $20,000, or $25,000 less than plaintiffs' settlement with the transit company. MCLA 257.520; MSA 9.2220.

The issue stated in its simplest terms is, "Can a person who is injured by an insured third party recover under the uninsured motorist provision of his own policy those damages which exceed the amount of settlement with the third party?" We decide this issue in the negative, thus affirming the trial court's decision to grant summary judgment to the defendant.

The purpose of the uninsured motorist statute, MCLA 500.3010; MSA 24.13010, is to place the victim of an uninsured motorist in the same position he would have occupied had the tortfeasor been insured. *Reliance Insurance Co v Haney,* 54 Mich App 237; 220 NW2d 728 (1974), *Hopkins v Auto-Owners Insurance Co,* 41 Mich App 635; 200 NW2d 784 (1972). Nowhere in the statute is there any mention of "adequacy of insurance"; it only states minimum amounts. The uninsured motorist statute also allows recovery in case of an insolvent insurer. Nowhere in the pleadings is there an allegation that the transit company's insurer is insolvent or otherwise uncollectible, nor is there

an allegation that the transit company is uncollectible for sums exceeding the policy limits.

Plaintiffs cite recent cases which have allowed "stacking" of uninsured motorist policies so that injured guest passengers could recover against both their own insurer and their host driver's insurer for damages by an uninsured tortfeasor. *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), *Werner v The Travelers Indemnity Co,* 55 Mich App 390; 222 NW2d 254 (1974). These cases have stated that the uninsured motorist statute was designed to protect the insured as to his actual loss within the limits of the policy or policies, and that the Legislature did not intend to fix any maximum amount of recovery less than the actual loss sustained. However, these cases have all involved situations where the party causing the injury was uninsured or insured below the statutory minimum, neither of which is the case here.

In light of the foregoing, it is unnecessary for this Court to pass upon the validity of the insurance contract provisions and their applicability herein because it is clear that there is no legal basis upon which plaintiffs can recover. We conclude that the White Pine Transit Company was not an uninsured motorist as defined under the statute applicable to this case, and that as such, plaintiffs have failed to state a cause of action upon which relief can be granted.

Affirmed. Costs to defendant-appellee.