442 A.2d 727

**Gus G. DAVIS and Clare Davis, Appellants,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 25, 1981.

Filed Feb. 16, 1982.

Petition for Allowance of Appeal Granted May 6, 1982.

Jerome M. Dubyn, Philadelphia, for appellants.

David M. McCormick, Philadelphia, for appellee.

Richard C. Angino, Harrisburg, for participating party.

Before CERCONE, President Judge, and SPAETH, HESTER, WICKERSHAM, BROSKY, JOHNSON, POPOVICH, DiSALLE and SHERTZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying a petition to vacate an arbitration award. The principal issue is whether the lower court was correct in concluding that "uninsured automobile" does not mean "underinsured automobile." Since, in a somewhat different context, this was also the principal issue in *White v. Concord Mut. Ins. Co., et al.*, 296 Pa. Superior Ct. 171, 442 A.2d 713 (1982), we ordered this case and *White* argued before the court en banc together. We now affirm.

Appellants were injured when their automobile was struck head-on by another automobile. The driver of the other automobile was insured under a $35,000 single limit policy issued by Travelers Insurance Company. Travelers paid $3,862.50 for the damage to appellants' automobile, $6,670.50 to appellant Clare Davis in full settlement of her claim, and the balance of the $35,000, or $24,467, to appellant Gus Davis

in partial settlement of his claim, which he alleges to be in excess of $100,000.

Thus, appellant Gus Davis received more than the minimum amount of coverage required by the financial responsibility law. 75 Pa.C.S.A. § 1747 ($15,000 per person, $30,000 per accident).[1] However, appellants' policy with appellee covers three separate automobiles, each with uninsured motorist coverage of $15,000 per person up to $30,000 per accident. *If* the automobile that struck appellants' automobile was an "uninsured automobile," appellant Gus Davis may claim coverage under these policies, and by "stacking," receive up to $45,000. *State Farm Mut. Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978). The question, therefore, is whether the other automobile *was* an "uninsured automobile." Appellant Gus Davis argues that it was because from The Travelers policy covering it he received only $24,000 on a claim in excess of $100,000.[2]

The arbitrators, by a vote of 2 to 1, rejected appellants' argument, holding that an "underinsured automobile" was not an "uninsured automobile," and that they therefore had no jurisdiction. Appellants filed a petition to vacate the award, arguing that they had been denied a full and fair hearing and that the arbitrators' conduct "constituted an 'irregularity' which caused them to enter an unjust, inequitable and unconscionable award," Petition to Vacate Arbitrators' Award, para. 19, and also, that the provision in

1. It therefore cannot be—and it is not—argued that the automobile that struck appellants' automobile was an "uninsured automobile" in that the policy covering it did not afford *compensation* of at least $15,000. That argument was made in *White v. Concord Mut. Ins. Co.*, et al., *supra*.

2. Although this appeal was brought in the names of Gus G. Davis and Clare Davis it does not appear from appellants' account of the case that Clare Davis had any damages that were not fully compensated by the tortfeasor's liability insurance. The petition to the lower court made claims only for appellant Gus Davis. The cover page of appellants' brief to this court refers to them as "appellants" but the references in the text of the brief are only to "appellant." In keeping with the notice of appeal we shall refer throughout to "appellants," although it would make no difference to our disposition of the case if we did not.

appellee's policy defining "uninsured automobile" is "contrary to constitutional, legislative or administrative mandate or against public policy or unconscionable," *id.* The lower court denied the petition.

### 1

█ We have no difficulty in agreeing with the lower court that the arbitrators afforded appellants a full and fair hearing and engaged in no conduct that in any sense constituted an "irregularity." When appellee resisted arbitration, the arbitrators were faced with the threshold question of their jurisdiction. As the lower court said:

> If a tribunal lacks jurisdiction, judicial economy mandates that the cause of action be dismissed without regard to the merits of the dispute. Therefore, the only relevant inquiry is whether the panel gave the parties a full hearing on all the facts necessary to make a determination of jurisdiction.

Slip op. at 3.

Appellants themselves state in their history of the case that the arbitrators held that they lacked jurisdiction only "[a]fter extensive argument and submission of briefs of both counsel[.]" Brief for Appellants at 6. Appellants complain that they were not permitted to present their substantive evidence, but they suggest no way in which that presentation would have aided the arbitrators in determining their jurisdiction.

### 2

█ The lower court believed it had no power to review the merits of the arbitrators' decision. That was error.

When a particular provision of an uninsured motorist clause is challenged as contrary to law or public policy, the issue is to be decided by a court and not by arbitrators. *Wilbert v. Harleysville Mutual Insurance,* 254 Pa. Superior Ct. 217, 385 A.2d 987 (1978); *United Services Automobile Association Appeal,* 227 Pa. Superior Ct. 508, 323 A.2d 737

(1974).[3] Here, by their petition to vacate the arbitrators' award appellants challenged the definition of "uninsured automobile" in appellee's policy as "contrary to constitutional, legislative or administrative mandate, or against public policy or unconscionable."

3

Although the lower court believed it had no power to review the merits of the arbitrators' decision, it did so anyway for the record. Slip op. at 4–5. The court held that "underinsured" does not mean "uninsured," and that the definition of "uninsured automobile" in appellee's policy was not in conflict with the Uninsured Motorist Coverage Act, 40 P.S. § 2000, or with legislative intent or public policy. *Id.* We agree.

The definition of "uninsured automobile" in appellee's policy is taken without change from the sample form provided by the Insurance Commissioner's regulations. We have quoted and discussed the regulations and the underlying statute in our opinion in *White v. Concord Mut. Ins. Co., et al., supra,* and see no need to repeat that discussion here. The majority of the arbitrators were correct in holding that the automobile that struck appellants' automobile was not an "uninsured automobile" within either the Commissioner's regulations or the statute requiring uninsured motorist coverage. Act of August 14, 1963, P.L. 909, as amended, 40 P.S. § 2000(a).

Appellants' argument that an automobile covered by a policy in the minimum amount required by the financial responsibility law should nevertheless be held "uninsured" in the event that the claimant's damages exceed the face of the policy has uniformly been rejected. *E.g., Wilbourn v. Allstate Ins. Co.,* 293 Ala. 466, 305 So.2d 372 (1974); *Hughes v. Cotton States Mutual Ins. Co.,* 146 Ga.App. 117, 245 S.E.2d 466 (1978); *Saari v. State Farm Mutual Automobile Ins. Co.,*

**3.** There is no merit to appellee's suggestion that *Runewicz v. Keystone Ins. Co.,* 476 Pa. 456, 383 A.2d 189 (1978), overruled *United Services Auto. Ass'n Appeal, supra. See White v. Concord Mut. Ins. Co., supra,* 296 Pa.Superior Ct. 179, 442 A.2d at 717.

72 Mich.App. 278, 249 N.W.2d 390 (1976); *New Jersey Manufacturers Ins. Co. v. Franklin*, 160 N.J.Super. 292, 389 A.2d 980 (App.Div.1978). *See* Widiss, *A Guide to Uninsured Motorist Coverage* § 2.35A (1969) (1980 Supp.). Widiss indicates that a minority of jurisdictions by judicial decision or legislation have equated "underinsured" with "uninsured" in cases where because of multiple claimants the amount available to each is reduced below the state's financial responsibility law's minimum,[4] but he does not cite a single case accepting appellants' argument, nor do appellants, nor have we found any. The United States Court of Appeals for the Third Circuit has recently predicted that Pennsylvania would follow the example of other states and refuse to equate "underinsured" and "uninsured." *Safeco Insurance Company of America v. Wetherill*, 622 F.2d 685, 691 (3d Cir. 1980). The prediction was accurate.

Again, as we did in *White*, we acknowledge that it may be regarded as an anomaly that an injured party may be less well off than he would have been if the other automobile had had no insurance at all. Resolution of this anomaly, however, must come from the Legislature.

Affirmed.

SHERTZ, J., files a concurring opinion in which the President Judge joins.

The decision in this case was rendered prior to the expiration of SHERTZ and DI SALLE's, JJ., commission on the Superior Court of Pennsylvania.

SHERTZ, Judge, concurring:

I disagree with the majority's unnecessary conclusion that "uninsured" does not mean "underinsured," in cases where due to the presence of multiple claimants, the amount available to any or each of them is reduced below the minimum amount required by the financial responsibility provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 Pa.Stat.Ann. § 1009.104 (Purdon 1981). Slip op. at 7, 8.

---

4. *See* our decision in *White v. Concord Mut. Ins. Co.*, where we hold that if this is to occur in Pennsylvania, it must be by legislation.

In the instant case, Appellant, Gus Davis, recovered from the tort-feasor's insuror an amount in excess of $15,000, the minimum amount required by the aforementioned Act. I therefore do not believe that it is necessary, or proper, to decide whether the same result will obtain in circumstances where the amount of insurance remaining, for the benefit of one or more claimants, is less than the minimum amount specified by the Act.[1]

Although I disagree with the reasoning by which the majority reaches its conclusion, I nevertheless agree with that conclusion on the instant facts. Since the amount specified by the Act was available to, and received by, Appellants the tortfeasor cannot be deemed to have been "uninsured" or "underinsured." Consequently, there is no basis, whatsoever, for the "stacking" permitted in *State Farm Mut. Auto Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978).

---

1. There is a marked distinction between the case where a claimant seeks to recover under the uninsured motorist clause because he contends that his damages exceed the minimum amount specified in the Act *and received by him*, and a case where, because of multiple claimants, the amount available to the claimant seeking to recover uninsured motorist benefits is less than the minimum amount specified in the Act. *See* Widess, *A Guide to Uninsured Motorist Coverage*, § 2.35A (1969) (1981 Supp.).