445 A.2d 552

Alfred P. KITCHEN, Appellant,

v.

The AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, a/k/a Aetna Life and Casualty Insurance Company.

Superior Court of Pennsylvania.

Argued Feb. 17, 1982.

Filed May 7, 1982.

Eugene A. Spector, Philadelphia, for appellant.

Robert A. Rosin, Elkins Park, for appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

PER CURIAM:

Alfred P. Kitchen, Appellant, sustained multiple severe injuries as a result of the negligence of an insured automobile operator in whose vehicle he was a passenger. The operator's liability insurance provided coverage to a limit of $50,000 per person and $100,000 per accident. Appellant filed a claim against the operator and, after negotiations, agreed to accept $45,000 in exchange for releasing both the operator and his insurer. This court-approved settlement represented an amount in excess of the minimum amount required by the financial responsibility provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1]

At the time of the accident, Appellant carried his own insurance with the AETNA Life and Casualty Insurance Company (AETNA), where AETNA provided coverage for two automobiles, and further provided uninsured motorist coverage in the amount of $35,000 per vehicle. Appellant sought arbitration of his claim that he was entitled to personal injury damages under his own uninsured motorist coverage in excess of the amount recovered from the operator. His theory was that the uninsured motorist coverage

---

1. 40 Pa.Stat.Ann. § 1009.104 (Purdon 1981).

was applicable when the third party (the operator) was underinsured.

After AETNA had refused to proceed with arbitration, the lower court entered an order directing arbitration. The arbitration panel, following a hearing on the merits, entered its award denying Appellant's claim, finding that it was not an uninsured motorists' claim since the operator was insured, albeit not to an extent to fully cover all of Appellant's alleged damages.

A petition to vacate or modify the arbitrator's award was then filed in the lower court, alleging error insofar as the arbitrators failed to find that (1) the uninsured motorist provisions of Appellant's policy include underinsured motorist coverage, and (2) AETNA should have been estopped from denying that it provided Appellant with underinsured motorist coverage since he had asked for "full coverage", was not provided with coverage including underinsured motorist coverage, and was not advised that such coverage was available. It is from the lower court's order affirming the award of the arbitrators that this appeal is taken.

This court has recently declared that uninsured motorist coverage required by the Act of August 14, 1963, as amended,[2] does not extend to a case where all of the automobiles involved in an accident have at least the minimum amount of liability insurance required by Pennsylvania law but where, because of the number of persons injured and the extent of the injuries, a claimant recovers less than the minimum amount. *White v. Concord Mutual Insurance Company*, 296 Pa.Super.Ct. 171, 442 A.2d 713 (1982). In a companion case decided the same day, on facts which are on all fours with the instant case, we affirmed an order denying a petition to vacate an arbitration award, where the arbitrators found that an "underinsured automobile" was not an "uninsured automobile" under circumstances where the claimant against his own insurance carrier had already recovered $24,467 from the insurer of the other operator. *Davis v. Government Employees Insurance Company*, 296

**2.** 40 Pa.Stat.Ann. § 2000(a).

Pa.Super.Ct. 198, 442 A.2d 727 (1982). *See also, Safeco Insurance Company of America v. Wetherill,* 622 F.2d 685, 691 (3d Cir. 1980).

We thus conclude that the lower court was correct with respect to the first issue, in that Pennsylvania refuses to equate "underinsured" and "uninsured."

Appellant further contends that the arbitrators committed an error in law in failing to decide whether an insurance carrier is estopped to deny underinsured coverage on the grounds that the insured had requested "full coverage" from his broker and had neither received underinsured coverage nor been informed that such coverage was available. The arbitration panel had ruled, and the lower court affirmed, that such an estoppel claim raised a question regarding the duty of disclosure under the circumstances but was not one arbitrable under the Uninsured Motorist Arbitration clause in the applicable policy.

Because of our determination that "uninsured" cannot be equated with "underinsured", we must affirm the lower court concerning this second issue. This issue goes to whether Appellee is estopped from denying underinsurance coverage of Appellant and whether Appellant is therefore entitled to payment as being covered by an "underinsurance" policy provision. Since the arbitration clause[3] in Appellant's contract of insurance does not cover disputes involving "underinsurance", and because of our determination as to the first issue, the arbitrators were correct in

---

**3.** The arbitration provision amendment states, in part:

—PERSONAL AUTO POLICY
PENNSYLVANIA COMBINATION ENDORSEMENT
AMENDMENT OF ARBITRATION CONDITION
(Pennsylvania)

Arbitration

If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or do not agree as to the amount of payment which may be owing under this insurance, the matter or matters upon which we and the covered person do not agree shall be settled by arbitration pursuant to the provisions of the Pennsylvania Arbitration Act of 1927 and each party shall, upon written demand of either, select an arbitrator. . . .

deciding that this issue was not arbitrable under the arbitration provision and the lower court was justified in affirming this conclusion. The phrase "this insurance," as found in the arbitration provision, cannot be interpreted as a reference to a policy of underinsurance, as none was entered into between the parties. Clearly, any argument going to estoppel of Appellee to deny underinsurance coverage involves neither whether Appellant is legally entitled to recover uninsured motorist insurance nor the amount of payment under either uninsured motorist insurance or any other aspect of the policy contracted to by the parties.

■ It is well-settled in Pennsylvania that the doctrine of waiver or estoppel cannot create an insurance contract where none existed. *Pfeiffer v. Grocers Mutual Insurance Co.*, 251 Pa.Super.Ct. 1, 379 A.2d 118 (1977).

The Order dated May 6, 1981 is affirmed.