465 A.2d 1312

Gloria **SPENCER**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued June 2, 1983.

Filed Sept. 23, 1983.

Alan Jay Dion, Philadelphia, for appellant.

Alfred D. Whitman, Philadelphia, for appellee.

Before ROWLEY, WIEAND and BECK, JJ.

PER CURIAM:

This is an appeal from an order of the trial court confirming an arbitrator's award in favor of appellee and against appellant. The arbitrator permitted appellee to recover, and required appellant to pay, all losses suffered by appel-

lee in excess of $15,000.00 from her own carrier under the *uninsured motorist provisions* contained in the policy issued to her by appellant. Appellee had been stopped at a red traffic light when her car was struck in the rear by an oncoming car. Appellee settled her claim against the tortfeasor and his insurer for $15,000.00.

The arbitrator concluded that "underinsured" could be equated with "uninsured." The trial court left the award undisturbed because the trial judge concluded that:

> [T]he arbitrator's interpretation is unassailably binding on both parties in the "underinsured v. uninsured" situation, in the absence of a convincing showing of fraudulent taint in the arbitrator's conduct as reflected in the award. Tr.Ct.Op. at 2.

It is now clear that the legal conclusions reached by the trial judge and by the arbitrator are incorrect. *White v. Concord Mutual Insurance Co.*, 296 Pa.Super. 171, 442 A.2d 713, *affirmed*, 500 Pa. 107, 454 A.2d 982 (1982); *Davis v. Government Employees Insurance Co.*, 296 Pa.Super. 198, 442 A.2d 727, *affirmed*, 500 Pa. 84, 454 A.2d 973 (1982).

Accordingly, we reverse the order of the trial court and remand this case for the entry of judgment in favor of the appellant, State Farm Mutual Automobile Insurance Company. Jurisdiction is not retained.