## BLAKESLEE v FARM BUREAU MUTUAL INSURANCE
## COMPANY OF MICHIGAN

1. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
TORISTS—DAMAGES—STATUTES.

The language of a statute, requiring that no automobile liability
insurance policy be delivered unless uninsured motorist cover-
age is provided therein or rejected in writing, is plain, unambi-
guous and *mandatory;* it unequivocally requires every automo-
bile insurance policy to offer that coverage and nowhere in the
statute does the Legislature attempt to fix any maximum
amount of recovery less than the amount of the loss; the lack of
proration language in the statute is conspicuous, and can only
weigh in favor of an inference of allowing stacking recovery
(MCLA 500.3010).

2. INSURANCE—OTHER INSURANCE LIMITATION—STATUTES—LEGISLA-
TIVE INTENTION.

To permit an insurance company offering statutorily-required
coverage to collect premiums for it with one hand and allow it
to take the coverage away with the other by using a self-
devised "other insurance" limitation would be unconscionable;
nothing could more clearly defeat the intention of the Legisla-
ture.

3. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
TORISTS—STATUTES.

The mandatory language of the statute, requiring that no auto-
mobile liability insurance policy be delivered unless uninsured

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 7 Am Jur 2d, Automobile Insurance § 135.

[2] 7 Am Jur 2d, Automobile Insurance §§ 27, 202.

Apportionment of liability between automobile liability insurers
one or more of whose policies provide against any liability if
there is other insurance, 46 ALR2d 1163.

[4] 43 Am Jur 2d, Insurance § 1051.

Provision of policy of insurance regarding other insurance as appli-
cable to a policy the indemnity or coverage of which is limited to
the excess over other insurance carried by insured, 122 ALR
1204.

motorist coverage is provided therein or rejected in writing, must be read into those provisions of a policy of insurance that differ or vary from the statutory language (MCLA 500.3010).

4. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MOTORISTS—DAMAGES—PYRAMIDING RECOVERY—STATUTES.

An insured may pyramid recoveries under insurance policies until his judicially-determined loss has been satisfied; where the loss exceeds the limit of one policy, the insured may proceed under other available policies and where the premiums have been paid for uninsured motorist coverage, an insurer cannot avoid its statutorily. imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid.

Appeal from Court of Appeals, Division 2, McGregor, P. J., and T. M. Burns and Andrews, JJ., affirming Ingham, Donald L. Reisig, J. Submitted May 2, 1972. (No. 3 May Term 1972, Docket No. 53,478.) Decided October 31, 1972.

32 Mich App 115 affirmed.

Complaint by Helen Blakeslee, administratrix of the estate of Jerome Blakeslee, against Farm Bureau Mutual Insurance Company of Michigan to recover under an automobile insurance policy. Judgment for plaintiff. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Shanahan & Scheid,* for plaintiff.

*Gault, Davison & Bowers,* for defendant.

*Amicus Curiae: Fraser, Trebilcock, Davis & Foster,* for Auto-Owners Ins. Co., State Farm Mutual Automobile Ins. Co., Allstate Ins. Co., Frankenmuth Mutual Ins. Co., Detroit Automobile Inter-

Ins. Exchange, Citizens Mutual Ins. Co., and Michigan Mutual Liability Co.

WILLIAMS, J. This case along with its two companions of *Rowland v Detroit Automobile Inter-Insurance Exchange,* 34 Mich App 267 (1971) and *Boettner v State Farm Mutual Ins Co,* 34 Mich App 510 (1971) comprise a trilogy of cases presenting issues of first impression since the passage of 1965 PA 388; MCLA 500.3010; MSA 24.13010. This act provides in pertinent part as follows:

"No * * * policy * * * shall be delivered * * * unless coverage is provided therein * * * for the protection of persons insured thereunder * * * in limits * * * set forth in [the Motor Vehicle Code[1]] * * * unless the named insured rejects such coverage in writing * * * ."

The general question in each of these cases is the extent to which the above statute allows a person injured in an accident by an uninsured motorist to recover on more than one so-called "other insurance" policy where the damages suffered exceed the limits of one or both policies.

The particular issues in this case are:

I. Does the specific language of the "other insurance" limitation against recovery on other insurance policies as well as the primary policy in the uninsured motorist coverage apply to the facts of the instant case?

---

[1] MCLA 257.504(d); MSA 9.2204(d) reads in pertinent part as follows:

"Every such policy or bond is subject to a limit, exclusive of interest and costs, of not less than $10,000.00 because of bodily injury to or death of 1 person * * * , to a limit of not less than $20,000.00 because of bodily injury to or death of 2 or more persons in any one accident, and to a limit of not less than $5,000.00 because of injury to or destruction of property of others in any accident."

II. If so, does 1965 PA 388; MCLA 500.3010; MSA
24.13010 invalidate such "other insurance"
limitation? Specifically, can the insured guest
passenger of an insured host driver, who is
injured in an accident through the fault of an
uninsured motorist, combine recoveries (*i.e.*
stack or pyramid) from the two different insur-
ance companies which covered the guest pas-
senger and host driver in excess of the limita-
tion provisions?

On August 27, 1966, Jerome Blakeslee was rid-
ing as a guest passenger in the car of the host
driver and owner Bernard Butcher. A collision
occurred between the host driver and an unin-
sured motorist. The guest passenger suffered fatal
injuries in the automobile collision. The host
driver had uninsured motorist liability coverage
through Riverside Insurance Company providing
benefits of $10,000 payable for injuries to or death
of one person occupying the automobile. The guest
passenger had a similar policy issued by defendant
Farm Bureau which covered the insured while
riding as a passenger in an automobile owned and
operated by another person.

Decedent's wife, in her capacity as the adminis-
tratrix of the decedent's estate, instituted suit
against the driver of the uninsured automobile, to
recover damages resulting from the alleged wrong-
ful death of Jerome Blakeslee. She recovered on
her suit in the amount of $112,007.71 with a
reduction upon the judgment in the amount of
$18,300 as monies received by the administratrix
under the host driver's policy and from the Michi-
gan Motor Vehicle Accident Claims Fund. The net
judgment against the driver of the uninsured vehi-

cle was, therefore, $93,707.71.[2]

Subsequent to the judgment against the uninsured motorist, plaintiff administratrix brought suit against defendant Farm Bureau seeking recovery of the $10,000 uninsured motorist coverage provided for in the policy issued to decedent. The cause was submitted to the circuit court before the Honorable Donald L. Reisig. Defendant denied liability based upon an "other insurance" limitation contained in the policy which provides:

"Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Judge Reisig held that this "other insurance"

---

[2] Prior to the entry of the judgment against the driver of the uninsured motor vehicle the administratrix had received payment from Riverside Insurance Co. in the amount of $8,604.95, and $9,250.00 from the accident claims fund. The Riverside Insurance Co. paid out all of the $20,000 of its coverage, but since a number of persons were injured in the accident, plaintiff's pro-rata share came to only $8,604.95.

Although the amounts actually received by the plaintiff totaled only $17,854.95, and the trial judge deducted $18,300 from her judgment, plaintiff, in pre-trial statement, agreed to treat the payments as totaling $18,300.

limitation conflicted with the plain language of the uninsured motorist statute and thus was invalid and entered judgment for plaintiff administratrix for the full sum of $10,000. The Court of Appeals affirmed the trial court's decision, finding that the insurer was no longer free, as he had been prior to the statute, to insert language restricting the coverage to less than the statute requires. 32 Mich App 120.

I.

The limiting language of the other insurance provision of decedent guest passenger's policy issued to him by the defendant appears to definitely cover a guest passenger insured in a third-party host driver's car. The relevant language of the policy is:

"Other Insurance: * * * while occupying an automobile not owned by the named insured, the insurance * * * shall apply only as excess insurance over any similar insurance available to such insured and applicable to such automobile as primary insurance * * * ."

Defendant claims nonliability because of this limitation, and cites our decision in *Horr v Detroit Automobile Inter-Insurance Exchange,* 379 Mich 562 (1967) as controlling in not allowing stacking. In *Horr,* this Court held that the "other insurance" limitation clauses in two separate policies of insurance required pro-rata contribution by the two insurance companies, but only until a total of $10,000, the maximum average contained in each policy had been paid to the claimant. Thus, each insurance company could be held liable for only $5,000, no matter how large the claimant's damages were.

The *Horr* decision is clearly distinguishable.[3] The accident which gave rise to the controversy in *Horr* occurred in 1963 when there were no statutes requiring the inclusion of an offer of uninsured motorist coverage in policies of insurance. This Court specifically did not take MCLA 500.3010; MSA 24.13010 and MCLA 257.504(d); MSA 9.2204(d) into consideration in arriving at our decision in *Horr.* The Court noted this in stating:

"We find no statutory or decisional law of this State applicable in 1963 to the insurance clauses requiring our interpretation and the parties assert there were none. Consequently, our task is limited to determining the intent of the contracting parties." *Horr, supra,* 566.

## II.

Thus, the disposition of this case turns on the effect of 1965 PA 388; MCLA 500.3010; MSA 24.13010 on the "other insurance" limitation in defendant's policy. In other words, does the "other insurance" limitation contravene the policy of the statute?

Though a matter of first impression with this Court, several other jurisdictions have considered the problem in interpreting similar uninsured mo-

[3] The language of the "other insurance" clause of the policy in *Horr* is not identical to the clause in the case at bar. The "other insurance" clause in Horr's exchange policy reads, in pertinent part, as follows:

"With respect to bodily injury to an insured sustained while occupying an automobile or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Exchange shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

torist statutes.[4] The cases are divided. There are 19 states plus 1 Federal case applying state law which disallow such limitations as contrary to the statute.[5] There are eight states with a contrary

[4] See cases cited in the annotation at 28 ALR3d 551, 556–559.

[5] The following cases hold or recognize that an "other insurance" provision is invalid when contained in a policy providing protection against injuries caused by uninsured motorists (18 jurisdictions):

STATE:

| | |
|---|---|
| Alabama: | Safeco Ins Co of America v Jones, 286 Ala 606; 243 So 2d 736 (1970). |
| Arizona: | Bacchus v Farmers Ins Group Exch, 106 Ariz 280; 475 P2d 264 (1970). |
| Florida: | Sellers v United States Fidelity & Guaranty Co, 185 So 2d 689 (Fla, 1966). |
| Georgia: | State Farm Mutual Automobile Ins Co v Murphy, 226 Ga 710; 177 SE2d 257 (1970). |
| Illinois: | Morelock v Millers' Mutual Ins Assn, 125 Ill App 2d 283; 260 NE2d 477 (1970) (refusing to follow earlier Illinois Appellate decisions validating such clauses). |
| Indiana: | Patton v Safeco Ins Co of America, 267 NE2d 859 (Ind App, 1971). |
| Kansas: | Sturdy v Allied Mutual Ins Co, 203 Kan 783; 457 P2d 34 (1969). |
| Kentucky: | Meridian Mutual Ins Co v Siddons, 451 SW2d 831 (Ky, 1970). |
| Massachusetts: | Johnson v Travelers Indemnity Co, 71 AS 869; 269 NE2d 700 (Mass, 1971). |
| Mississippi: | Harthcock v State Farm Mutual Automobile Ins Co, 248 So 2d 456 (Miss, 1971). |
| Nebraska: | Bose v American Family Mutual Ins Co, 186 Neb 209; 181 NW2d 839 (1970). |
| Nevada: | United Services Automobile Assn v Dokter, 86 Nev 917; 478 P2d 583 (1970) (stacking permitted although policies prior to uninsured motorist law). |
| North Carolina: | Moore v Hartford Fire Ins Co Group, 270 NC 532; 155 SE2d 128 (1967). |
| Ohio: | Curran v State Automobile Mutual Ins Co, 25 Ohio St 2d 33; 266 NE2d 566 (1971). |
| Pennsylvania: | Harleysville Mutual Casualty Co v Blumling, 429 Pa 389; 241 A2d 112 (1968). |
| South Carolina: | Vernon v Harleysville Mutual Casualty Co, 244 SC 152; 135 SE2d 841 (1964). |
| Texas: | Fidelity & Casualty Co of New York v Gatlin, 470 SW2d 924 (Tex App, 1971). |
| Virginia: | Bryant v State Farm Mutual Automobile Ins |

doctrine but only three of them are directly on point—in three there is no uninsured motorist statute involved, in two the statute itself allows prorating.[6] This leaves a heavy preponderance in

> Co, 205 Va 897; 140 SE2d 817 (1965) (overruling *Travelers Indemnity Co v Wells*, 316 F2d 770 [CA4, 1963]).

And see *Sparling v Allstate Ins Co*, 249 Or 471; 439 P2d 616 (1968) (implying that there is nothing offensive about stacking insurance benefits under the "Lamb-Weston" doctrine—there is no statute involved);

> *Aldcroft v Fidelity & Casualty Co of New York*, 106 RI 311; 259 A2d 408 (1969) (which involves denial of workmen's compensation deduction from uninsured motorist recovery).

*FEDERAL:*

*New Mexico:*          *American Mutual Ins Co v Romero*, 428 F2d 870 (CA10, 1970) (applying New Mexico law).

[6] The following cases hold or recognize the validity of "other insurance" provisions in a policy providing protection against injuries caused by uninsured motorists (eight jurisdictions):

*STATE:*

*Arkansas:*          *MFA Mutual Ins Co v Wallace*, 245 Ark 230; 431 SW2d 742 (1968) (cites the New Hampshire case as authority).

*California:*          *Darrah v California State Automobile Assn*, 259 Cal App 2d 243; 66 Cal Rptr 374 (1968) (California by statute has expressly provided for proration of damages in the event of multiple coverage in uninsured motorist cases. Cal Ins Code, 11580.2[d]).

*Iowa:*          *Burcham v Farmers Ins Exch*, 255 Iowa 69; 121 NW2d 500 (1963) (no state uninsured motorist statute involved).

*Louisiana:*          *Leblanc v Allstate Ins Co*, 194 So 2d 791 (La App, 1967) (Louisiana statute permits limitation of liability).

*New Hampshire:*          *Maryland Casualty Co v Howe*, 106 NH 422; 213 A2d 420 (1965) (citing the Iowa case and the now overruled *Travelers Indemnity Co v Wells*, 316 F2d 770 (CA4, 1963).

*New York:*          *Globe Indemnity Co v Baker's Estate*, 22 App Div 2d 658; 253 NYS2d 170 (1964) (giving effect to an excess insurance provision though not discussing any statute and relying on *Burcham v Farmers Ins Exch*, Iowa *supra*).

*Utah:*          *Martin v Christensen*, 22 Utah 2d 415; 454 P2d 294 (1969).

*Washington:*          *Miller v Allstate Ins Co*, 66 Wash 2d 871; 405 P2d 712 (1965) (no discussion of the effect of a statutory minimum).

favor of disallowing such limitations.

The trend of the most recent decisions where an uninsured motorist statute is involved is toward allowing stacking (*i.e.* voiding "other insurance" clauses). This is persuasive but not decisive. Determinative must be the apparent policy of the Michigan Legislature.

Defendant argues that "the purpose of the statute in making uninsured motorist coverage compulsory * * * is to give the same protection to a person injured by an uninsured motorist as he would have if he had been injured in an accident caused by an automobile covered by a standard liability insurance policy.'"[7]

We are unable to accept defendant's construction of the statute. The language of the statute is plain, unambiguous and *mandatory.*

It unequivocally requires that "[n]o * * * policy * * * be delivered * * * unless coverage is provided therein". Stated in the affirmative, *every* policy *must have* this coverage. Only after the mandatory offer is made can the insured reject it in writing.

Nowhere in the statute does the Legislature attempt to fix any maximum amount of recovery less than the amount of the loss. The lack of proration language in the statute is conspicuous and can only weigh in favor of an inference of allowing stacking recovery.

As was said in *State Farm Mutual Automobile Co v Murphy,* 226 Ga 710, 714; 177 SE2d 257, 260 (1970), "The statute is designed to protect the insured as to his actual loss, within the limits of the policy or policies of which he is the beneficiary".

---

[7] 12 Couch on Insurance 2d, § 45:623, p 570.
See also *Maryland Casualty Co v Howe, supra* (see fn 6).

It would be unconscionable to permit an insurance company offering statutorily required coverage to collect premiums for it with one hand and allow it to take the coverage away with the other by using a self-devised "other insurance" limitation. Nothing could more clearly defeat the intention of the Legislature.

As Judge LEVIN convincingly argued, concurring in *Collins v Motorists Mutual Insurance Co,* 36 Mich App 424, 435–436 (1971):

"Read in conjunction with the motor vehicle accident claims act it is apparent that the legislative purpose in adding § 3010 to the insurance code * * * was to reduce claims against the fund.

"Having in mind that legislative purpose, it is clear that allowing insurance carriers to eliminate or reduce their liability in situations where the insured person has or can recover under other insurance would be contrary to the intent of the Legislature and on that ground I agree with my colleagues that an 'other insurance' clause is invalid to the extent of the statutorily required $10,000/$20,000 uninsured motorist insurance protection."

Given this clear purpose and the mandatory language of the statute, such language must be read into those provisions of a policy of insurance that differ or vary from the statutory language.[8]

Defendant fails to properly differentiate between reducing insured's loss and escaping liability. Under the statute, a payment to decedent's estate from other sources merely reduces the loss of the injured party and not the $10,000 liability of dece-

----

[8] See MCLA 500.3012; MSA 24.13012 which provides in pertinent part as follows:

"Such a liability insurance policy issued in violation of sections 3004 through 3012 shall, nevertheless be held valid *but be deemed to include the provisions required by such sections * * * ."* (Emphasis added.)

dent's insurer. "If an insured's loss has been totally compensated by other insurance he is no
longer 'legally entitled' to recover damages." *Collins, supra,* 432–433. That is, the insured may
pyramid recovery until his judicially determined
loss has been satisfied.

If this Court allowed an insured to recover
amounts above his actual loss, only then would the
insured reap an unjust windfall. This, clearly, is
not our holding. The only windfall in this case
would be that going to defendant if it were allowed
to charge premiums for coverage it would not
deliver.

We believe that the rule stated in *Safeco Ins Co
of America v Jones,* 286 Ala 606, 614; 243 So 2d
736, 742 (1970) represents the better reasoning as
well as the majority rule, which we now adopt.
There the Court stated:

> "We hold that our statute sets a minimum amount
> for recovery, but it does not place a limit on the total
> amount of recovery so long as that amount does not
> exceed the amount of the actual loss; that where the
> loss exceeds the limit of one policy, the insured may
> proceed under other available policies; and that where
> the premiums have been paid for uninsured motorist
> coverage, we cannot permit an insurer to avoid its
> statutorily imposed liability by its insertion into the
> policy of a liability limiting clause which restricts the
> insured from receiving that coverage for which the
> premium has been paid."

The decision of the Court of Appeals is affirmed
with all costs going to the plaintiff.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BREN
NAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

BLACK, J., did not sit in this case.