AUTO-OWNERS INSURANCE COMPANY v HIGBY

1. RELEASE—EFFECT OF RELEASE—INTENT OF PARTIES.

   The scope of a release is governed by its terms as indicating the intentions of the parties at the time it is accepted; a release covers only claims intended by the parties to be released and has no greater effect.

2. RELEASE—INSURANCE—CONTRACTS—INTENT OF PARTIES—STACKING OF INSURANCE.

   An insurance company which was potentially liable under either of two insurance policies was discharged by a release from liability only under one of the policies where the parties to the release intended to make the release effective only to the one policy and the parties did not believe, when the release was signed, that the policies could be stacked to produce awards under both policies.

3. TRIAL—HEARING—ORDER TO SHOW CAUSE—OBJECTIONS.

   A trial judge in a dispute over the effect of a release did not err by deciding the case after a hearing on an order to show cause and without having a trial where the parties neither objected to the hearing nor indicated they would not abide by the results.

Appeal from Jackson, Kevin J. Daly, J. Submitted Division 2 December 2, 1974, at Lansing. (Docket No. 19970.) Decided January 9, 1975.

Complaint by Auto-Owners Insurance Company against Floyd Higby, Rosemary Higby, and the American Arbitration Association to stay arbitration proceedings initiated by the Higbys for an award on an insurance policy. Judgment for defendants. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 66 Am Jur 2d, Release § 28 *et seq.*
[3] 56 Am Jur 2d, Motions, Rules, and Orders § 34.

*Anderson, Patch, Rosenfeld, Potter & Grover,* for plaintiff.

*Kelly, Kelly & Kelly,* for defendants.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

R. B. BURNS, J. Defendant Rosemary Higby was injured in an automobile accident while riding as a passenger in an automobile owned by Osborn Motor Sales. There were three different sources of insurance coverage:

(1) Michigan Mutual Insurance Company policy of the driver,

(2) Auto-Owners Insurance Company policy of Osborn Motor Sales,

(3) Auto-Owners Insurance Company policy of Mr. and Mrs. Higby.

All of the policies provided uninsured motorist coverage with limits of $10,000 per person and $20,000 per accident.

Defendants filed a demand for arbitration with the American Arbitration Association. Apparently, believing that the claims could not be stacked, plaintiff and defendants settled the claim for $9,-000. The Higbys signed a release, prepared by the plaintiff, which discharged plaintiff from liability under "Policy No. 660301–06464553 [Osborn's Policy Number] issued to Floyd D. Higby and Rosemary Higby".

The attorneys for both parties signed a stipulation agreement that defendants' claim against the plaintiff was dismissed with prejudice.

Shortly after the settlement the Supreme Court held that such policies could be stacked and the

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendants filed an amended demand for arbitration asking for an award on the policy issued directly to the Higbys. Plaintiff filed a complaint in circuit court asking for a stay of the arbitration proceeding.

The trial judge in a written opinion stated:

"It is not logical to assume that the defendants Higby agreed to any more than their executed release states.

"The fact that the stipulation of dismissal referred also to another policy does not alter the situation if done without knowledge or authorization of the defendants Higby."

The scope of a release is governed by its terms as indicating the intentions of the parties at the time it is accepted. *O'Ferrall v Metropolitan Life Ins Co*, 121 SW2d 304 (Mo App, 1938). The release covers only claims intended by the parties to be released and has no greater effect. *Continental Casualty Co v Baker*, 181 Ark 156; 25 SW2d 23 (1930).

In our opinion the parties intended to make the release effective only to the Osborn policy because this was most convenient for the insurer and they did not believe that stacking of all the policies was permitted.

Plaintiff also claims that the trial judge erred by deciding the case after oral argument on the order to show cause and by not having a trial.

Plaintiff's complaint asked that an order to show cause be entered requiring defendants to show cause why an order should not issue staying the arbitration proceeding.

The judge entered the order and the defendants appeared and did show cause why such an order should not be entered.

This case comes to us on a settled record. No

stenographic record was made of the hearing. There is nothing in the settled record indicating that plaintiff objected to the hearing or would not abide by the results.

Affirmed. Costs to defendants.

All concurred.