DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE v JOSEPH

1. INSURANCE—STACKING—MULTIPLE POLICIES—ACTUAL DAMAGES.

The stacking of insurance policies is clearly permissible and an insured can collect under more than one insurance policy from the same insurance company; however, the insured cannot use stacking to collect more than the actual damages.

2. INSURANCE—RELEASE—POLICY MAXIMUM—ADDITIONAL DAMAGES— SAME INCIDENT—STACKING.

An insured who signs a release under one insurance policy for less than the policy maximum is not barred from recovery under other policies with the same insurance company for additional damages arising out of the same incident; under the stacking concept, it is not necessary that the insured exhaust one policy before proceeding with a claim under a second policy.

3. RELEASE—EFFECT OF RELEASE—EXPRESS TERMS—IRREGULARITY.

A release is governed by the terms expressly stated therein, absent concealment, duress, fraud, mistake or similar irregularity, and where none of these factors are alleged to be present, the court looks solely to the express terms of the release.

Appeal from Macomb, Robert J. Chrzanowski, J. Submitted November 13, 1975, at Detroit. (Docket No. 23223.) Decided February 11, 1976.

Complaint by Detroit Automobile Inter-Insurance Exchange seeking a declaratory judgment that the defendants John Charles Joseph, Sr. and John Charles Joseph, Jr., should be barred from maintaining an uninsured motorist action against plaintiff under the terms of two insurance policies

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur 2d, Insurance § 238.
[3] 44 Am Jur 2d, Insurance § 1803.

after the parties had reached a settlement for the same accident under a third policy for less than the policy limits. The Secretary of State intervened as a defendant. Judgment for defendants. Plaintiff appeals. Affirmed.

*Mather, Glime & Daoust, P. C.* (by *Herbert J. Rusing)*, for plaintiff.

*Mihelich & Carlson* (by *Lee D. Tout)*, for defendants John Charles Joseph, Sr. and John Charles Joseph, Jr.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant Richard H. Austin, Secretary of State.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

PER CURIAM. In 1970, Detroit Automobile Inter-Insurance Agency (DAIIE), appellant, issued three automobile insurance policies to Mr. and Mrs. John C. Joseph, Sr., appellees, with each policy containing the then mandatory uninsured motorist coverage of $10,000 per person. On December 12, 1970, the Josephs' son was injured in an accident involving an uninsured motorist. The Josephs presented a claim to DAIIE for medical expenses and injuries. On November 17, 1971, after negotiations with DAIIE, the Josephs executed a document, whereby they stated that they released DAIIE from all liability under the uninsured motorist provisions of a numbered policy (3-0844553-01) in exchange for $8,000.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On January 16, 1974, the Josephs filed a demand for arbitration with the American Arbitration Association claiming compensable damages under the other two insurance policies (1-0844553-02 and 0-0844553-03), that were not mentioned in the 1971 release. DAIIE filed a declaratory judgment action seeking to bar the Josephs from maintaining any action against DAIIE. DAIIE claimed then, and continues to claim on appeal, that once an insured settles a claim for an amount less than the maximum recovery under one automobile insurance policy, the insured cannot seek damages under any other insurance policies. The trial court rejected this argument and dismissed the declaratory judgment action, allowing the Josephs to proceed with the arbitration of their claims.

DAIIE does not, and could not, argue that an insured can never collect under more than one insurance policy. "Stacking" is clearly permissible. *Blakeslee v Farm Bureau Mutual Insurance Co,* 388 Mich 464; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972). Rather, appellant contends that there can be no "stacking" until the insured exhausts one policy; the insured cannot proceed with a claim under a second policy until the first policy's recovery maximum is exhausted. It is argued that a release that provides the insured with a sum less than the policy maximum prevents the insured from moving on to the second policy.

Appellant is wrong. Under *Boettner* and *Blakeslee,* the Josephs clearly have valuable contract rights under each one of their three policies, for they have paid premiums for each one of their policies. A release that concerns recovery under one contract does not necessarily affect claims

under other contracts. *Auto-Owners Insurance Co v Higby,* 57 Mich App 604; 226 NW2d 580 (1975).

*Higby* is not distinguishable on the basis that the present parties knew of the "stacking" cases while the parties in *Higby* did not. If anything, this distinction would work to appellant's disadvantage, making the release even more clearly limited to the one mentioned policy. *Higby* more properly stands for the proposition that a release is governed by the terms expressly stated therein, absent concealment, duress, fraud, mistake or similar irregularity. As none of these factors are alleged to be present, we look solely to the express terms of the release. We find a release of claims under one policy only. The Josephs may proceed with their other contractual claims.

We do not mean to say, however, that the $8,000 recovered is irrelevant when considering claims under the other two insurance policies. The Josephs are still limited to recovery of their actual losses. *Blakeslee, supra,* at 475. If their actual losses are less than or equal to $8,000, their claims under the other policies should not be honored by the arbitrators. We leave them to their proofs.

Affirmed, costs to appellees.