DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
KURAK

1. INSURANCE—ARBITRATION AND AWARD—MULTIPLE POLICIES—COM-
PENSATION.

An insured who is covered by more than one insurance policy
and who recovers an award in arbitration within the limits of
one policy may nevertheless demand arbitration under the
other policies for the same claim, provided, however, that he
may be compensated only once for any damage suffered.

2. INSURANCE—ARBITRATION AND AWARD—PARTIES—RES JUDICATA.

Arbitration under one policy of insurance is not binding as res
judicata on subsequent arbitration between a party and a
nonparty to the first arbitration; neither a release of one
insurer nor an arbitration award against one insurer affects the
insured's rights under another contract.

3. ARBITRATION AND AWARD—PUBLIC POLICY—STATUTES.

There is a strong public policy in favor of arbitration of disputes,
and any dispute under a contract which contains an arbitration
clause may be arbitrated unless it has been expressly exempted
by the terms of the contract (MCLA 600.5001[2]; MSA
27A.5001[2]).

Appeal from Wayne, Richard D. Dunn, J. Sub-
mitted November 14, 1977, at Detroit. (Docket No.
77-662.) Decided February 6, 1978. Leave to appeal
applied for.

Complaint by Detroit Automobile Inter-Insur-
ance Exchange against Karen Kurak for a declara-
tory judgment that the defendant had already
received fair and just compensation from another
insurer for injuries incurred in an automobile

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 238, 501, 997.
[2] 44 Am Jur 2d, Insurance §§ 2084, 2086.
[3] 5 Am Jur 2d, Arbitration and Award § 36.

accident and was not entitled to further payment from the plaintiff. Summary judgment for plaintiff. Defendant appeals. Reversed.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Daniel P. Makarski),* for plaintiff.

*Stempien & Stempien, P. C.,* for defendant.

Before: BRONSON, P. J., and ALLEN and T. M. BURNS, JJ.

BRONSON, P. J. Defendant, Karen Kurak, was involved in an automobile accident with an uninsured motorist on January 27, 1973, while driving her personal automobile which was insured by the League General Insurance Company. Defendant made a claim under this policy, which went to arbitration, and was awarded $5,750.[1]

Defendant's father had a policy of automobile insurance with the plaintiff, which also contained uninsured motorist coverage, and covered the defendant in certain situations.[2] The defendant filed a claim under this policy after receiving her award. Plaintiff filed a complaint for declaratory action alleging that defendant had already received fair and just compensation.

Defendant's motion for summary judgment and order of arbitration was denied. Plaintiff's motion for summary judgment and to dismiss arbitration was granted. Defendant appeals as of right.

We hold that when an insured is covered by more than one insurance policy and recovers an

---

[1] The policy limit was $20,000.

[2] Plaintiff-appellee argues on appeal that defendant was validly excluded from coverage under her father's policy. This argument was not presented to the trial court. Consequently, we decline to consider it on appeal. *See, e.g., Three Lakes Association v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977).

award in arbitration within the limits of one policy, he may nevertheless demand arbitration under the other policies for the same claim, provided however, that he may be compensated only once for any damage suffered.

Initially, we note that "stacking" of insurance policies is clearly permissible in some instances. *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972); *Blakeslee v Farm Bureau Mutual Insurance Co,* 388 Mich 464; 201 NW2d 786 (1972). Furthermore, stacking has been permitted when the insured settles a claim under one of two or more policies for less than the policy limits. In *Detroit Automobile Inter-Insurance Exchange v Joseph,* 67 Mich App 393; 241 NW2d 221 (1976), defendants settled a claim under one of three policies for $8,000. Each policy contained uninsured motorist coverage of $10,000. The Court, holding that arbitration under the other two policies was not barred, stated at 395–396:

"Under *Boettner* and *Blakeslee,* the Josephs clearly have valuable contract rights under each one of their three policies, for they have paid premiums for each one of their policies. A release that concerns recovery under one contract does not necessarily affect claims under other contracts." (Citation omitted.)

See, also, *Auto-Owners Insurance Co v Higby,* 57 Mich App 604; 226 NW2d 580 (1975).

The same rationale applies to the case at bar. As in *Joseph,* defendant has valuable rights under both contracts of insurance. Also, arbitration under one policy is not binding as res judicata on subsequent arbitration between a party and a nonparty to the first arbitration. See *Auto-Owners Insurance Co v Higby, supra;* 5 Am Jur 2d, Arbitration and Award, § 149, pp 630–631. Neither a

release of one insurer nor an arbitration award against one insurer affects the insured's rights under another contract.

Under MCLA 600.5001(2); MSA 27A.5001(2), any dispute under a contract which contains an arbitration clause may be arbitrated unless it has been expressly exempted by the terms of the contract. The arbitration clause of the D.A.I.I.E. policy does not exclude claims which were subject to arbitration under a different policy.[3] The statute is backed by a strong public policy in favor of arbitration of disputes. See, *e.g., Campbell v Community Service Insurance Co,* 73 Mich App 416; 251 NW2d 609 (1977). We therefore hold that the trial court should not have dismissed arbitration.

Of course, defendant may still only recover her actual losses. Thus, the $5,750 recovered in arbitration under the League General policy is to be considered in any subsequent arbitration.[4]

Reversed. Costs to defendant-appellant.

[3] The D.A.I.I.E. arbitration clause provides:

"The determination as to whether the insured shall be legally entitled to recover damages and if so entitled the amount thereof, shall be made by agreement between the insured and the Exchange.

"In the event of disagreement and upon the written demand of either, the matter or matters upon which the insured and Exchange do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The insured and the Exchange each agrees to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage. Such an award shall be a condition precedent to any action against the Exchange by reason of the insurance afforded by this coverage."

[4] We note that the doctrine of collateral estoppel does not apply in the case at bar; the mutuality requirement has not been met. *See City of Mason v Mason State Bank,* 63 Mich App 288; 234 NW2d 489 (1975).