DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
STANDFEST

Docket No. 78-3545. Submitted December 19, 1979, at Detroit.—Decided March 5, 1980. Leave to appeal applied for.

Defendant, Kathleen Standfest, while operating a pickup truck insured by plaintiff, Detroit Automobile Inter-Insurance Exchange, was injured in an accident involving an uninsured motorist. Defendant claimed that the uninsured motorist coverage in the policy covering the truck should be "stacked" with the uninsured motorist coverage in the policy covering her automobile, which was also insured by plaintiff. Plaintiff claimed that an exclusionary clause in the insurance policies precluded the "stacking" of coverage under these circumstances. Pursuant to a provision in the policies, the defendant's claim was submitted to an arbitration panel which held that the uninsured motorist coverage in each policy could be "stacked", finding the exclusionary clause to be unenforceable because it would produce an unconscionable result. The panel gave to defendant an award which was in excess of the single policy limits but which was within the limits of the two policies if the policy limits of the two policies were "stacked". Plaintiff filed a motion in circuit court seeking to vacate the arbitration award. The Wayne Circuit Court, Charles Kaufman, J., denied plaintiff's motion to vacate, confirmed the award and entered judgment on the award. Plaintiff appeals. *Held:*

The arbitration panel was within its powers to address the question of whether the exclusionary provision in the no-fault automobile policies should be enforced and in granting an award which included the stacking of coverage. The circuit court, in turn, properly denied the motion to vacate and properly confirmed the award and entered judgment on the award.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

[1] 5 Am Jur 2d, Arbitration and Award § 90 *et seq.*

7 Am Jur 2d, Automobile Insurance § 368.

Validity and effect of "no-fault" automobile insurance plans. 42 ALR3d 229.

INSURANCE — AUTOMOBILES — STACKING — ARBITRATION.
An arbitration panel does not exceed its power by addressing the
question of whether an exclusion in a no-fault automobile
insurance policy which prohibits the stacking of uninsured
motorist coverage is unconscionable, nor does it exceed its
power by holding that such an exclusion was unconscionable,
since the law in this area is presently of an unsettled nature.

*Selby, Dickinson, Pike, Mourad & Brandt* (by
*Ronald R. Hanlon*), for plaintiff.

*Lopatin, Miller, Bindes, Freedman, Bluestone,*
*Erlich & Rosen* (by *Steven G. Silverman*), for
defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and
D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant, while operating a
pickup truck insured by plaintiff, was injured in
an accident involving an uninsured motorist. De-
fendant was a named insured under the truck's
policy and under another policy issued by plaintiff
on defendant's automobile. Both policies had a
maximum uninsured motorist recovery limit of
$20,000 and both contained the following exclu-
sions clause:

"The insurance afforded by this coverage does not
apply: "(1) to bodily injury to an insured sustained
while occupying any automobile, other than an owned
automobile, except a non-owned automobile to which
there is applicable and available to such insured no
insurance similar to that afforded by this coverage".

Defendant claimed that her insurance coverage
should be "stacked" to allow a maximum recovery
of $40,000. As provided in the policies, the claim
was submitted to an arbitration panel and defen-
dant received an award of $35,000. Plaintiff filed a

motion in circuit court seeking to vacate the arbitration award, arguing that the policies' exclusions clauses limited the company's liability to $20,000. The circuit court denied plaintiff's motion.

The parties do not dispute that under a literal application of the policies' exclusions clauses plaintiff's liability is limited to $20,000. Rather their dispute is centered on whether the arbitration panel had the power to reject the exclusions clauses if it found that the application of the clauses would produce an unconscionable result.

An arbitration award will be vacated by the court when an arbitration panel exceeds its powers. GCR 1963, 769.9(1)(c). At the time the arbitration panel made its award to defendant, it was unclear whether the panel had the power to "stack" the insurance coverage. Before the repeal of Michigan's uninsured motorist statute, MCL 500.3010; MSA 24.13010, Michigan case law required "stacking" of uninsured motorist coverage. *Blakeslee v Farm Bureau Mutual Ins Co of Michigan*, 388 Mich 464; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Ins Co*, 388 Mich 482; 201 NW2d 795 (1972). The rationale underlying these decisions was eliminated by the repeal of the uninsured motorist statute and the passage of the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* With these events, the Michigan courts were left to contend with the issue of "stacking"; and results of a varying nature have been produced. Leave to appeal has been granted by the Michigan Supreme Court in two cases which discuss this issue, and a definitive answer is now near. *State Farm Mutual Automobile Ins Co v Davidson* (Docket No. 29626, decided July 25, 1977, [unreported]), *lv gtd* 402 Mich 950q (1978), *Fletcher v Aetna Casualty & Surety Co,* 80 Mich

App 439; 264 NW2d 19 (1978), *lv gtd* 402 Mich 950s (1978).

Due to the unsettled nature of the Michigan law at the time of the arbitration award it was impossible for the arbitration panel to know with certainty whether it did or did not have the power to reject the application of the policies' exclusions clauses. The arbitrators chose to exercise that power and their choice can be supported by case law. See, *e.g., Fletcher, supra.* Under these circumstances, we agree with the circuit court that the arbitration award should not be vacated.

Affirmed.