DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
STRAW

Docket No. 78-4750. Submitted January 3, 1980, at Detroit.—Decided
April 21, 1980. Leave to appeal applied for.

Defendant, Dollie Straw, was injured as a result of an accident
with an uninsured motorist. Defendant's insurance policy with
plaintiff, Detroit Automobile Inter-Insurance Exchange, pro-
vided uninsured motorist coverage. Defendant's daughter, who
resided in the same household, owned another vehicle which
was insured with plaintiff under a separate policy having
identical coverage. Defendant sought to "stack" the $20,000
limit of uninsured motorist coverage under her daughter's
policy with the identical limit of coverage under her own
policy. When plaintiff refused to "stack" the limits of coverage
of the two policies, defendant demanded arbitration under each
policy pursuant to the arbitration provision contained in each
of the insurance policies. Plaintiff objected to the arbitrators'
jurisdiction to decide the issue of the "stacking" of the coverage
of the two policies. The arbitrators awarded defendant $37,500
without prejudice to the parties resolving the question of
"stacking" in circuit court. Plaintiff moved in circuit court to
vacate the arbitration award or to modify the award to reflect
the $20,000 limit of coverage in defendant's policy. Defendant
moved for entry of a judgment on the full arbitration award.
The Wayne Circuit Court, Charles S. Farmer, J., vacated the
arbitration award insofar as it exceeded the $20,000 limit of
coverage contained in the insurance policy issued to defendant.
Defendant appeals. *Held:*

1. The scope of arbitration is determined by the contract of
the parties, with the arbitrability of an issue being a matter for
judicial determination. A reviewing court may vacate an arbi-
tration award if it determines that a claim is not arbitrable by

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 15, 54.
[2] 5 Am Jur 2d, Arbitration and Award § 167.
[3] 44 Am Jur 2d, Insurance §§ 1707, 1708.
[4] 7 Am Jur 2d (Rev), Automobile Insurance § 326.

reason of the fact that the arbitrator did not possess subject matter jurisdiction over the claim in dispute.

2. The arbitrability of an issue in an insurance contract is ascertained through a three-stage inquiry: (1) is there an arbitration agreement in a contract between the parties; (2) is the insured's claim on its face or arguably related to the contract; and (3) is the dispute expressly exempt by the terms of the contract.

3. There is no question that there was an arbitration agreement in the insurance contract between plaintiff and defendant and that the policies in question do not expressly exempt from arbitration the question of "stacking" the coverage under the two policies. Defendant's "stacking" claim is not on its face or arguably related to the policy of insurance on her own automobile. The nature of that claim is rather an attempt to collect damages as a third party under her daughter's policy, and thus defendant is not entitled to arbitrate that question under the arbitration language in her own policy.

Affirmed.

1. ARBITRATION — CONTRACTS — INTERPRETATION — COURTS.

The scope of arbitration is determined by the contract of the parties; the arbitrability of an issue is a matter for judicial determination.

2. APPEAL — ARBITRATION — COURT RULES.

An appellate court may vacate an arbitrator's award where the court determines that a claim is nonarbitrable by reason of the fact that the arbitrator did not possess actual subject-matter jurisdiction over the claim (GCR 1963, 769.9[1][c]).

3. ARBITRATION — CONTRACTS — ARBITRABLE ISSUES — THREE-STAGE INQUIRY.

The arbitrability of an issue in an insurance contract is ascertained through a three-stage inquiry: (1) is there an arbitration agreement in a contract between the parties; (2) is the insured's claim on its face or arguably related to the contract; and (3) is the dispute expressly exempt by the terms of the contract.

4. ARBITRATION — CONTRACTS — INSURANCE — UNINSURED MOTORIST COVERAGE — STACKING OF COVERAGE — ARBITRABLE ISSUES.

The question of whether an insured may "stack" the uninsured motorist coverage provided in the automobile insurance policy issued to the insured's daughter on the uninsured motorist coverage provided in the insured's policy is not an arbitrable issue on a claim brought by the insured under her policy, since

such a claim is not on its face or arguably related to the contract of insurance issued to the insured who is making the claim.

*Ronald R. Hanlon,* for plaintiff.

*Edward M. Miller,* for defendant.

Before: T. M. BURNS, P.J., and BASHARA and N. J. KAUFMAN, JJ.

BASHARA, J. Defendant, Dollie Straw, alleged injury as a result of an accident with an uninsured motorist. Her insurance policy with the plaintiff provided uninsured motorist coverage. Defendant's daughter resided in the same household and also owned another vehicle which was insured with the plaintiff under a separate policy, identical in coverage.

Each of the policies contained a $20,000 limit for uninsured motorist coverage, an arbitration clause, as well as the following language in the uninsured motorist coverage:

"Definitions
"For the purpose of this coverage:
"(a) 'insured' means
(1) the individual insured named first in Item 1 of the Declaration Certificate, and while residents of the same household of such individual, the spouse and relatives of either,

\*    \*    \*

"Exclusions
"The insurance afforded by this coverage does not apply:
"(1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, except a non-owned automobile to which there is applicable and available to such insured no insurance similar to that afforded by this coverage."

The policies also contain the following definitions:

"(d) 'owned automobile' means the vehicle described in the Declaration Certificate and, as defined herein, a temporary substitute automobile, a replacement automobile, and a trailer owned by the insured."

and

"(i) 'non-owned automobile' means any automobile or trailer, other than a temporary substitute automobile, not owned by, furnished or available for the frequent or regular use of the named insured, relative or other resident of the same household of such named insured."

Arbitration was demanded under both the policy issued to defendant on her own automobile and the policy issued to defendant's daughter on the daughter's automobile. Plaintiff objected to the arbitrators' jurisdiction to decide the issue of "stacking" the coverage of the policies, arguing that the arbitrators could only award damages pursuant to the language of the policies.

The arbitrators awarded the sum of $37,500 to the defendant without prejudice to resolve the issue of "stacking" in circuit court.

Plaintiff paid the $20,000 limit under the policy on defendant's automobile, but refused to pay the balance allocated to the daughter's vehicle. Plaintiff filed in circuit court a motion to vacate the arbitration award, which exceeded the $20,000 limit on the policy issued to defendant. Defendant moved for entry of a judgment on the full arbitration award.

The trial court found that the arbitrators exceeded their authority in considering the daughter's insurance as "an issue to be included in this award". The court vacated that portion of the

award which exceeded the $20,000 policy limit of defendant's insurance as an unlawful exercise by the arbitrators of equity jurisdiction.

We concur with the conclusion reached by the trial court and affirm.

The scope of arbitration is determined by the contract of the parties, and the arbitrability of an issue is a matter for judicial determination. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). Paragraph (1)(c) of GCR 1963, 769.9 specifies the grounds for vacating an arbitration award in Michigan. This Court has construed the provision as follows:

"This would mean that the award herein could be vacated if this Court should determine that claim 3(b) was in fact nonarbitrable, such vacation being justified on the grounds that the arbitrator did not possess actual subject matter jurisdiction over the claim and thus inadvertently exceeded his authority in ruling thereon even if apparent jurisdiction over the claim was granted him by the fact of the submission." *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72, 80; 205 NW2d 856 (1973).

In *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670, 674-676; 264 NW2d 92 (1978), *lv den* 402 Mich 915 (1978), we established a three-step process to ascertain the arbitrability of an issue:

"First, is there an arbitration agreement in a contract between the parties?

\*    \*    \*

"Second, is the insured's claim 'on its face' or 'arguably' related to the contract?

\*    \*    \*

"Third, is the dispute 'expressly exempt' by the terms of the contract? If not it is arbitrable. MCLA 600.5001(2); MSA 27A.5001(2)."

See also, *Detroit Automobile Inter-Ins Exchange v Reck,* 90 Mich App 286; 282 NW2d 292 (1979).

In applying the foregoing criteria, it is easy to conclude, from the insurance policy, that there in fact was an arbitration agreement between the parties. The dispute in question does not appear to be "expressly exempt" by the terms of the contract. The policy provides that:

"matters upon which the insured and the exchange do not agree shall be settled by arbitration."

The "stacking" issue arguably falls within those matters involving legal entitlement to recovery. At any rate, the stacking question is certainly not "expressly exempt" from the arbitration provision.

It is the remaining element of the *Barry* standard which leads to a determination that the stacking issue is not arbitrable. True, doubts should be resolved in favor of arbitration. *Detroit Automobile Inter-Ins Exchange v Kurak,* 81 Mich App 217; 265 NW2d 86 (1978), *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975), *lv den* 395 Mich 806 (1975). However, a review of the facts in the instant case convinces us that the "stacking" claim is not "on its face" based on defendant's insurance contract with plaintiff concerning her automobile.

This matter does not involve a situation in which the party is a named insured on two insurance policies with the same insurer, as in *Detroit Automobile Inter-Ins Exchange v Standfest,* 96 Mich App 71; 292 NW2d 164 (1980). Rather, defendant is attempting to collect damages under a

third-party contract. Although defendant may be "insured" for certain purposes under her daughter's policy, her right to recover under that policy is not "on its face" or "arguably related to the contract" of insurance on her own automobile. The trial court correctly noted that the scope of defendant's insurance contract with plaintiff should not be broadened to include a third party's contract, absent a showing of privity or contractual obligation with defendant's daughter.

In view of our holding, we find it unnecessary to address the remaining issues presented.

Affirmed, costs to plaintiff.