OSBORNE v THE TRAVELERS INSURANCE COMPANY

Docket No. 49405. Submitted June 16, 1981, at Detroit.—Decided August 10, 1981.

Jobe E. Osborne and Jessie Osborne brought an action against The Travelers Insurance Company seeking benefits for bodily injury which had been denied pursuant to an "owned vehicle" exclusion in a policy of automobile insurance. The defendant moved for summary judgment, which motion was granted, Wayne Circuit Court, Joseph B. Sullivan, J. The plaintiffs appeal. *Held:*

The trial court properly granted the defendant's motion for summary judgment. "Owned vehicle" exclusions previously had been held to be unenforceable as unconscionable and contrary to public policy as expressed in the then-applicable uninsured motorist amendment to the Insurance Code of 1956. However, that law subsequently was repealed and replaced by the no-fault act which provides for compensation for victims of accidents involving uninsured motorists. Therefore, an "owned vehicle" exclusion in a policy of automobile insurance is enforceable in cases such as this which have arisen subsequent to that repeal.

Affirmed.

1. INSURANCE — AUTOMOBILES — "OWNED VEHICLE" EXCLUSIONS — UNINSURED MOTORISTS — STATUTES.

An exclusion in an automobile insurance policy for bodily injury to an insured while occupying or being struck by a motor vehicle other than the insured vehicle which is owned by the named insured or a relative is enforceable in an action arising subsequent to the repeal of the uninsured motorist amendment to the Insurance Code of 1956 (MCL 500.3010; MSA 24.13010, since repealed, 1972 PA 345).

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Insurance § 136.
[2] 7 Am Jur 2d, Insurance § 340.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

2. INSURANCE — AUTOMOBILES — NO-FAULT ACT — UNINSURED MO-
     TORISTS — STATUTES.
     Uninsured motorist protection is no longer mandated by public
     policy subsequent to the passage of the no-fault act because
     under the act accident victims are protected either by their
     own no-fault policies or by the assigned claims facility (MCL
     500.3101 *et seq.,* 500.3172; MSA 24.13101 *et seq.,* 24.13172).

*Milan & Miller* and *Zeff & Zeff* (by *Edward Grebs),* for plaintiffs.

*Law Offices of David J. Capriccioso* (by *Barry M. Kelman),* for defendant.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

PER CURIAM. This action involves the validity of an "owned vehicle exclusion" to the uninsured motorist provision of an automobile insurance policy.

Plaintiffs, husband and wife, were injured on June 2, 1974, when Mr. Osborne's 1969 Chevrolet station wagon was involved in an accident with an uninsured vehicle. Plaintiffs' vehicle was insured under a policy issued by the American Fellowship Insurance Company, with whom plaintiffs have settled any potential claims. At the time of the accident, plaintiffs' son, Arthur Osborne, resided with them. Arthur Osborne owned a 1968 Chevrolet insured by defendant. The uninsured motorist provision of that policy provided, in part:

"Exclusions
"This policy does not apply under Part III:
"(a) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile)

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

owned by the named insured or a relative, or through being struck by such a vehicle * * *." 

Plaintiffs sought coverage under the uninsured motorist provision of their son's policy. When defendant denied coverage pursuant to the "owned vehicle exclusion", plaintiffs commenced the present suit. The trial court granted defendant's oral motion for summary judgment, and plaintiffs appeal as of right.

In *Boettner v State Farm Mutual Ins Co*, 388 Mich 482; 201 NW2d 795 (1972), the Supreme Court held a similar exclusion unenforceable after concluding it to be unconscionable and contrary to the public policy expressed in 1965 PA 388, MCL 500.3010; MSA 24.13010. *Id.*, 487-488; see also *Blakeslee v Farm Bureau Mutual Ins Co of Michigan*, 388 Mich 464; 201 NW2d 786 (1972). The statutory section, the uninsured motorist amendment, provided in part:

"No automobile or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless coverage is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein."

The uninsured motorist amendment was repealed by 1972 PA 345, effective October 1, 1973, the same day on which the no-fault insurance act went into effect. 1972 PA 294. In *Bradley v Mid-*

*Century Ins Co,* 409 Mich 1, 22-23; 294 NW2d 141 (1980), the Supreme Court reaffirmed that owned vehicle exclusions violate the legislative policy of the uninsured motorist amendment with regard to cases arising before the repeal. Nonetheless, the Court also held that in cases arising subsequent to the repeal "other insurance" clauses limiting uninsured motorist protection are enforceable. *Id.,* 46-59. We believe that the rationale utilized by the Court is applicable to the instant case. Therefore, we hold that in cases arising subsequent to the repeal of the uninsured motorist amendment "owned vehicle exclusions" are likewise enforceable.

In *Bradley, supra,* 50-51, the Court observed that the *Blakeslee* and *Boettner* decisions were based upon a perceived legislative statement of public policy, namely the policy of compensating otherwise unprotected accident victims. The Court concluded that the repeal signified that public policy no longer demanded mandatory uninsured motorist coverage. Although uninsured motorists still exist after the passage of the no-fault act, accident victims are protected either by their own no-fault policies (as in the present case) or, in the absence of an applicable policy, by the assigned claims facility. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* MCL 500.3172; MSA 24.13172. Moreover, with the advent of the assigned claims facility, uninsured motorist protection need not be mandated to protect the fiscal integrity of the now defunct Motor Vehicle Accident Claims Fund. *Bradley, supra,* 51-53.

The *Bradley* decision also noted "other insurance" limitation clauses are no longer unconscionable or beyond the reasonable expectations of insured motorists with the repeal of the statute.

Because uninsured motorist coverage now acts as a substitute for residual liability insurance, it is no longer the primary means of recovery for victims of uninsured motorists. These changes make it unlikely that a motorist could reasonably contemplate duplicate coverage. *Id.,* 54-59. For these same reasons, owned vehicle exclusions can likewise no longer be considered unconscionable or beyond the insured's expectations.

We conclude that the policy exclusion in the instant case is enforceable and that summary judgment was therefore appropriate.

Affirmed.