407 So.2d 32 (1981)
Gloria Handley HOLLEY, et ux., Plaintiffs-Appellants,
v.
ROYAL GLOBE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 8442.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Rehearing Denied January 4, 1982.
Thomas & Dunahoe, Edwin Dunahoe, Natchitoches, for plaintiff-appellant.
Trimble, Randow & Assoc., Lon P. Wilson, Alexandria, for defendant-appellee.
Before CULPEPPER, CUTRER and LABORDE, JJ.
CUTRER, Judge.
This appeal presents the issue of whether the trial court erred in its sustaining an exception of res judicata filed by defendant, Royal Globe Insurance Company (Royal Globe).
The facts presented in this case are as follows:
*33 Mrs. Gloria Holley was injured as a result of a vehicular collision involving a car driven by Mrs. Holley and a vehicle driven by Michael S. Adams. Mrs. Holley and her husband first filed suit against Adams and his insurer, Southern Farm Bureau Casualty Insurance Company (Southern Farm). Southern Farm provided liability coverage for Adams in the amount of $100,000.00 per person and $300,000.00 per accident. After trial, judgment was rendered in favor of the husband for the sum of $4,917.16 subject to a credit of $1,406.65 previously paid. Gloria Holley was awarded $95,000.00 general damages. This judgment was paid by defendants on January 29, 1980; a release and satisfaction of judgment was executed by Gloria and her husband. Royal Globe was not a party to this first suit.
Mrs. Holley and her husband filed a second suit on February 19, 1980, against Royal Globe and Reliance Insurance Company (Reliance), based on the uninsured motorist coverage of each policy. Royal Globe's policy applied to the non-owned car Mrs. Holley was driving at the time of the accident. Reliance's policy applied to the personal automobiles owned and insured by the Holleys. Royal Globe filed a motion for summary judgment seeking dismissal of the claim of Mr. and Mrs. Holley. Counsel for Royal Globe also filed an exception of res judicata due to the judgment having been rendered in the suit against Adams and Southern Farm. The trial court rendered judgment granting the exception of res judicata and dismissing the suit as to Royal Globe. Plaintiffs appeal. We affirm.
The trial judge, in his reasons for judgment, stated as follows:
"... As a result of the above and foregoing, the court is of the opinion that, 1) the plaintiff has had her day in court; 2) that there is a sufficient identity and quality of defendants to sustain the exception of res judicata; and 3) even if the triple identities required by Civil Code Art. 2286 are not present this action should be barred by judicial estoppel because all liability (vicarious or direct) flows from the negligent acts of Michael Adams and a court of competent jurisdiction established the amount of damages due to the plaintiff and she has received payment in the full amount of those damages.
"The exception is therefore sustained and judgment will be signed upon presentation dismissing plaintiff's demands at plaintiff's cost."
The trial judge based his decision on two grounds; namely, res judicata, and also judicial estoppel. While we disagree with the trial court's conclusion that the suit is barred by res judicata and/or judicial estoppel, we do affirm the dismissal on other grounds.

RES JUDICATA
Civil Code art. 2286 sets forth the requirements of res judicata as:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978), states:
"... Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes a relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of `cause' and (3) an identity of the thing demanded.... The absence of any of these identities is fatal to a plea of res judicata."
The court also states that:
"There exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same `quality' as parties."
In the case at hand, the three requirements for res judicata are not met. The identity of the parties is not the same in each suit. Thus, the trial court erred in its conclusion that the exception should be granted on this basis.

*34 JUDICIAL ESTOPPEL
As an alternative reason for granting the exception, the trial court relied on judicial estoppel. The rule of judicial estoppel has been jurisprudentially overruled. The Supreme Court, in Ugulano v. Allstate Ins. Co., 367 So.2d 6 (La.1978), overruled California Co. v. Price, 234 La. 338, 99 So.2d 743 (La.1957), which had entrenched the doctrine of judicial estoppel in our jurisprudence. This doctrine, a common-law variation of res judicata, is inconsistent with the civil law concept of res judicata. As a result of its potential for confusion, the Supreme Court has abandoned its use. The trial court erred in its application of this doctrine.

MOTION FOR SUMMARY JUDGMENT
Royal Globe filed a motion for summary judgment on the ground that, as an uninsured motorist carrier, it is liable in solido with the tortfeasor, Adams; thus, the release of Adams also releases Royal Globe. The trial judge denied the motion stating:

"... The relationship between plaintiff, HOLLEY, and mover, ROYAL GLOBE, is one of contract rather than tort, therefore the relation of joint tortfeasor does not exist. POWELL v. ALLSTATE, 1970 [La.App.] 2d Circ. 233 So.2d 38; BOOTH v. FIREMAN'S FUND INSURANCE CO., 1969, 253 La. 521; 218 So.2d 580."

The trial court correctly overruled the motion on those grounds, but we have concluded that the motion must be granted on other grounds set forth below.
In the allegations of this second suit, Mrs. Holley and her husband allege that:
"... Michael S. Adams was insured to the extent of $100,000.00 and that insurance has now been exhausted and plaintiffs are entitled to recover the excess of their damages over and above that sum from the defendants herein, ...."
An examination of the record clearly reflects that the plaintiffs have litigated their respective damage claims arising out of the accident against the tortfeasor, Adams, and his liability insurer. After trial, the trial judge rendered judgment against Southern Farm and Adams for less than the liability policy limits. This judgment was duly paid and such payments acknowledged by Mrs. Holley and her husband. This being so, we conclude that the trial judge rendered judgment for the full amount of proven damages; past, present and future. Mrs. Holley and her husband, having obtained judgment for less than the liability insurance coverage, cannot seek further damages from Royal Globe under its uninsured or underinsured policy provisions because the liability policy limits have not been exhausted. Royal Globe is entitled to judgment as a matter of law. The motion for summary judgment filed by Royal Globe shall be sustained and the judgment of the trial court dismissing the suit against Royal Globe shall be affirmed.
Having come to this conclusion, it is unnecessary to consider the serious question of whether the filing of this second suit is prohibited by LSA-C.C.P. art. 425.
For these reasons, the judgment of the trial court is affirmed. Plaintiffs-appellants are to pay all costs of this appeal.
AFFIRMED.