[No. 11315-9-III.   Division Three.   April 28, 1992.]

PATRICK GIRTZ, ET AL, *Appellants*, v. NEW HAMPSHIRE INSURANCE COMPANY, *Respondent.*

W. *Russell VanCamp, Dustin D. Deissner,* and *VanCamp & Bennion,* for appellants.

*Tim M. Higgins, Beverly L. Anderson,* and *Winston & Cashatt,* for respondent.

SHIELDS, C.J. — Patrick and Sue Girtz were awarded damages in a personal injury suit arising from an automobile accident. After the judgment was satisfied, Mr. and Ms. Girtz sued their insurer, New Hampshire Insurance Company, seeking additional compensation under their underinsured motorist (UIM) coverage. New Hampshire's motion for summary judgment of dismissal was granted. Mr. and Ms. Girtz appeal, contending the New Hampshire policy providing UIM coverage is an ambiguous contract. We affirm.

On September 5, 1986, Mr. Girtz was driving an automobile owned by his employer, Sutherland Motors, Ltd. The automobile was insured by a New Hampshire policy which included UIM coverage with $500,000 limits. An automobile driven by Bonnie Rice struck Mr. Girtz's automobile. Ms. Rice was insured by an automobile liability policy with $300,000 limits. The Girtzes sued Ms. Rice for their personal injuries. The jury verdict awarded them $225,000. The judgment on that verdict was satisfied November 13, 1987. On July 5, 1989, Mr. and Ms. Girtz brought this declaratory judgment action seeking to recover UIM benefits under the New Hampshire policy. They alleged their injuries were far in excess of the sums awarded in the Rice verdict and they had "elected not to appeal as they could not afford to wait out the appeal process before receiving any compensation." New Hampshire's motion for summary judgment of dismissal was granted.

■ In reviewing a summary judgment we engage in the same inquiry as the trial court. There being no issues of fact, the issue is whether the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Mr. and Ms. Girtz contend they are not collaterally estopped by their recovery against Ms. Rice because the New Hampshire policy is ambiguous and the recovery they seek under the policy is an action in contract, not tort.

The consent to suit clause, which is entitled "WE WILL PAY", states: "Any judgments for damages arising out of a suit brought without our written consent is not binding on us." Mr. and Ms. Girtz contend that clause applies both to them and to New Hampshire. Thus, they argue the judgments they obtained are not binding on them in this action to recover UIM benefits from New Hampshire. New Hampshire did not and does not now rely on the consent to suit clause in its defense.

■ Terms in an insurance policy are given their common and ordinary meaning as understood by an average purchaser of insurance. *Sperry v. Maki*, 48 Wn. App. 599, 601-02, 740 P.2d 342, *review denied*, 109 Wn.2d 1014 (1987). Taken together, the words "we", "our" and "us" in the consent to suit clause refer to the insurance company, not to the insured. No average purchaser would understand otherwise. There is no ambiguity; the argument is without merit.

Next, Mr. and Ms. Girtz contend the policy is ambiguous because it uses the words "legally entitled to recover as damages caused by the accident", and RCW 48.22.030[1] does not contain the words "as damages caused by the accident". They argue the words in the policy increase the scope of damages beyond those established by the underlying lawsuit.

■ The words in the policy, "as damages caused by the accident", are the equivalent of the words "applicable to a covered person after an accident" in RCW 48.22.030(1). When read in context, the statute and the policy have the same meaning. There is no ambiguity; the argument is without merit.

■ Finally, Mr. and Ms. Girtz argue their claim against New Hampshire is in contract, and is not precluded by the claim in tort against Ms. Rice. The difference in legal basis between the actions is not relevant because any damages in

---

[1]RCW 48.22.030(1) reads in part: "a motor vehicle with respect . . . to which the sum of the limits of liability under all bodily injury or property damage liability bonds and insurance policies *applicable to a covered person after an accident is less than the applicable damages which the covered person is legally entitled to recover.*" (Italics ours.)

the contract action are controlled by the damages awarded in the tort action; the argument is without merit.

■ The doctrine of collateral estoppel applies to preclude a different cause of action involving the same issue previously litigated in another action. The criteria for its application are:

> (1) the issue decided in the prior adjudication must be identical with one presented in the action in question; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the [defense] is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice.

(Italics omitted.) *Dunlap v. Wild*, 22 Wn. App. 583, 590, 591 P.2d 834 (1979).

All four criteria are met here. (1) The issue previously decided is identical to the issue here: the amount of damages Mr. and Ms. Girtz are legally entitled to recover as a result of the Girtz-Rice automobile accident. (2) The action against Ms. Rice ended in a final judgment on the merits. (3) Mr. and Ms. Girtz were parties to that action. (4) Application of the doctrine here does not work an injustice. Mr. and Ms. Girtz had their day in court. Their judgments were satisfied. Even though they are not satisfied they recovered enough, collateral estoppel prevents Mr. and Ms. Girtz from relitigating their damages.[2] *United Pac. Ins. Co. v. Boyd*, 34 Wn. App. 372, 661 P.2d 987 (1983).

We affirm the summary judgment of dismissal.

THOMPSON and SWEENEY, JJ., concur.

---

[2]Other jurisdictions have reached this same result. *See Holley v. Royal Globe Ins. Co.*, 407 So. 2d 32 (La. Ct. App. 1981), *cert. denied*, 417 So. 2d 366 (La. 1982); *Motorists Mut. Ins. Cos. v. Handlovic*, 23 Ohio St. 3d 179, 182-83, 492 N.E.2d 417 (1986). In *Motorists*, 23 Ohio St. 3d at 182-83, the court reasoned the judgment rendered within the limits of the tortfeasor's liability coverage was res judicata as to the insured's subsequent claim for compensation under the UIM coverage of the insured's policy.