[No. 14816-5-III.   Division Three.   April 8, 1997.]

KELLY FISHER, *Respondent,* v. ALLSTATE INSURANCE COMPANY, *Appellant.*

*Stephen C. Haskell, Christopher M. Grimes*, and *Eugster Haskell Law Offices*, for appellant.

*Milton G. Rowland* and *Robert J. Crotty,* for respondent.

THOMPSON, J. — Kelly Fisher was injured in an automobile accident. She filed suit against Susan Allman, the tortfeasor, and Allstate for coverage under an underinsured motorist policy. Ms. Fisher agreed to arbitrate her claim with Ms. Allman. She then sought to bind Allstate to the damages awarded at arbitration. Allstate argued it was not bound by the arbitration. The court awarded summary judgment in favor of Ms. Fisher finding Allstate was bound by the arbitration award. Allstate now appeals. We affirm.

In 1991, Ms. Fisher was a passenger on a motorcycle driven by Paul Mitchell. Ms. Fisher and Mr. Mitchell were injured when Ms. Allman struck their motorcycle head on. Ms. Allman was legally responsible for the accident.

Ms. Allman owned an insurance policy with United Services Automobile Association (USAA) which had a $25,000 limit. A second liability policy was owned by William Meyer, the owner of the vehicle driven by Ms. Allman.

That policy was also held by USAA and had applicable policy limits of $100,000. Mr. Mitchell also had an insurance policy with Allstate which had an underinsured motorist (UIM) provision. The Allstate policy had a $25,000 limit.

Ms. Fisher sued Ms. Allman in Idaho. Allstate knew of the Idaho lawsuit involving coverage and liabilities under the USAA policies. Trial was set for September 1994. Ms. Fisher, believing her claimed injuries exceeded the policy limits, sued Allstate in Spokane for UIM coverage. The trial in Spokane was set for April 1994. Allstate, knowing its trial was first, had limited participation in the discovery process for the Idaho trial. The Allstate trial was continued to October 1994. Allstate then contacted Ms. Fisher one week before the Idaho trial was scheduled to start, and learned USAA and Ms. Fisher had entered into a binding arbitration agreement. Allstate had not received any notice of the arbitration.

The arbitrator awarded Ms. Fisher $236,000 in damages. Ms. Fisher demanded the $25,000 UIM policy limit from Allstate because the arbitration award exceeded USAA's limits. Allstate refused to pay. Ms. Fisher amended her complaint against Allstate to include a bad faith claim. She then moved for summary judgment. Allstate argued summary judgment was not proper because it should not be bound by the arbitration award. The court awarded partial summary judgment in favor of Ms. Fisher and found that Allstate was bound by the arbitration award. The court denied Allstate's motion for reconsideration.

Allstate, the UIM carrier, argues it is not bound by the arbitration award in the Idaho action, and therefore summary judgment was not proper. Summary judgment is appropriate only where no genuine issues of material fact exist. CR 56(c). In reviewing a summary judgment order, the appellate court engages in the same inquiry as the trial court. *Neff v. Allstate Ins. Co.*, 70 Wn. App. 796, 799, 855 P.2d 1223 (1993), *review denied*, 123 Wn.2d 1004 (1994).

A motion for summary judgment should be granted when, after looking at all the evidence, reasonable minds could only reach one conclusion. *Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wn.2d 178, 186, 840 P.2d 851 (1992).

The first and most important inquiry is does the rule set forth in *Finney v. Farmers Ins. Co.*, 21 Wn. App. 601, 586 P.2d 519 (1978), *aff'd*, 92 Wn.2d 748, 600 P.2d 1272 (1979), apply to this case. Mr. Finney's daughter was killed in an automobile accident. *Id.* at 603. As representative of her estate, he sought recovery under the uninsured motorist provisions of his automobile insurance policies with Farmers. *Id.* He also brought an action against the insurance companies of the driver and owner of the vehicles involved. *Id.* at 604. Both companies denied coverage. *Id.* Farmers wrote Mr. Finney explaining he should first sue for coverage under the driver and owner's policies, and then he could sustain a claim against Farmers. *Id.* Mr. Finney then filed a wrongful death action against both the driver and the owner of the vehicle. *Id.* Mr. Finney settled with the insurance company of the driver for $15,000. *Id.* The action against the car's owner went to trial and Mr. Finney was awarded $45,837.95. *Id.* at 605. The owner's insurance company denied coverage; thus, Mr. Finney sued Farmers to recover $30,000 under his uninsured motorist coverage. *Id.* Among the issues on appeal was whether Farmers was bound by the $45,837.95 judgment since it was not a party to the action. The court held that when an insurance company has notice of an action and has the chance to participate, the insurance company is bound on the question of liability. *Id.* at 617. The court found that Farmers was bound by the judgment because it knew of the action and should have known that the outcome would affect its liability. *Id.* at 618.

The facts of this case are very similar to *Finney*. Ms. Fisher was injured in an accident caused by Ms. Allman. At the time of the accident, she was a passenger on a motorcycle driven by Mr. Mitchell. Ms. Fisher sued Ms. Allman for damages in Idaho, where the accident oc-

curred. She also brought suit in Washington against All-state, Mr. Mitchell's insurer, for coverage under his underinsured motorist policy. Allstate was aware of the action against Ms. Allman. Allstate did not intervene in that action because its case was set for trial first. The Allstate trial was postponed and the Allman matter went to arbitration. The arbitrator found Ms. Fisher had damages of $236,000, which exceeded the $125,000 policy limits of Ms. Allman's coverage. Thus, the factual situation is similar enough to conclude that the rule in *Finney* should be applied to this case.

Allstate argues that *Finney* should not apply because it dealt with the issue of liability and not damages. Contrary to Allstate's position, *Finney* did deal with damages. *Finney* bound Farmers to the amount of judgment for damages determined at trial. *Finney*, 21 Wn. App. at 618. Since Mr. Finney was not able to collect the full amount from either the driver or the owner's insurer, the court held Farmers liable for their uninsured motorist policy limits. *Id.* Thus, *Finney* did rule that Farmers was bound to pay based upon the damage award. The argument that *Finney* does not apply because it did not deal with damages is without merit.

Relying on *Wear v. Farmers Ins. Co.*, 49 Wn. App. 655, 658, 745 P.2d 526 (1987), Allstate also argues that *Finney* should not apply because intervention is not required when a conflict of interest between the insured and the insurer exists. In *Wear*, Farmers had defended Mr. Wear under his homeowners policy in a negligence and assault action. *Id.* at 656. In that action, the jury found Mr. Wear negligent and entered a monetary judgment against him. *Id.* at 657. Mr. Wear sued Farmers claiming it had to pay the judgment. *Id.* Farmers denied coverage claiming Mr. Wear's act was intentional and that the policy had terminated before the incident. *Id.* The court did not bind Farmers to the finding in the earlier action that Mr. Wear was negligent. *Id.* at 658. It held an insurance company is not bound by prior findings in a later action on coverage

issues when a conflict of interest exists between an insured and the insurance company in the underlying liability action, and the insurer defends its insured under a reservation of rights. *Id.* This case is distinguishable because Allstate did not defend Ms. Fisher in her claim against Ms. Allman, nor did it have a duty to do so. While Allstate's and Ms. Fisher's interests conflict, the conflict arises from the nature of underinsured motorist insurance, not because of a duty to defend. *See* Lee M. Barns & Cheryl A. Smith, *Washington's Underinsured Motorist Statute: Examining the Procedural Issues,* 17 GONZ. L. REV. 269, 285 (1982). Contrary to Allstate's assertion, this case does not affect the applicability of *Finney.*

Allstate also relies on *Detweiler v. J.C. Penney Cas. Ins. Co.,* 110 Wn.2d 99, 751 P.2d 282 (1988) to support its contention that intervention is not required when a conflict of interest exists. *Detweiler* dealt with whether an uninsured motorist insurance carrier was bound to the damages determined in an underlying tort action when there was an arbitration clause in the policy. *Id.* at 110. The court found that the insurance company waived its right to arbitration and was bound. *Id.* Although the court noted that there were unresolved issues regarding collateral estoppel and intervention in the uninsured motorist arena, it did not deal with those issues. *Id.* at 111. Thus, *Detweiler* does not support Allstate's contention that intervention was not required here.

In order to further support this claim, Allstate cites to many cases outside Washington which do not require intervention when a conflict of interest exists. With the exception of one case, all the cases deal with some type of general liability policy where the duty to defend was invoked. As stated above, those types of cases are distinguishable. Further, the majority of states do require uninsured insurance carriers to intervene in the underlying tort action. *See* Francis M. Dougherty, Annotation, *Right of Insurer Issuing "Uninsured Motorist" Coverage to Intervene in Action By Insured Against Uninsured Motor-*

*ist,* 35 A.L.R.4TH 757, 761-63 (1985). Thus, the potential conflict between the insurer and insured in the uninsured/underinsured motorist coverage area should not allow the insurer an excuse for not intervening. The rule in *Finney* controls this case.

Allstate and Ms. Fisher also make policy arguments supporting their respective positions. Allstate argues had it been required to intervene in this case, insurance companies that provide underinsured coverage will have to intervene in every known underlying action. Allstate argues that this will increase insurance costs. Ms. Fisher argues that a reversal of this case would allow underinsured carriers to wait in the wings and avoid a high damage award figure, but bind an insured to a low award. She claims this is an unjust result. Neither policy argument is supported by authority. There is no reason to abandon *Finney* on policy grounds.

The outcome of this case using *Finney* depends upon whether the actual lawsuit or the arbitration is deemed the underlying action. *Finney* requires that a party be fully informed of the proceedings and afforded an opportunity to participate in those proceedings in order to be bound by them. *Finney,* 21 Wn. App. at 617. Ms. Fisher's lawsuit against Ms. Allman is the underlying action. Allstate knew the suit had been filed and knew the trial date for that action. Allstate learned of the continuance of its action in March or April, but did not contact the attorneys in the Allman action until August. It should have known that its rights could be affected by the outcome of the Allman action. Anyone may intervene in an action when they claim an interest in the action, and their interest may be affected by the proceeding, so long as they are not adequately represented by existing parties. CR 24(a). Allstate definitely had an interest in the outcome of the action; any damage award which exceeded Ms. Allman's applicable policy limits would trigger the underinsured coverage. Further, neither party to the Allman action represented Allstate's interest. Had Allstate

intervened, it would have received notice of the arbitration. *See* RCW 7.04.060. The lawsuit was the underlying action and Allstate was fully apprised of it and was bound by the damage award. Summary judgment was proper.

We affirm.

SWEENEY, C.J., and KURTZ, J., concur.

Reconsideration denied May 15, 1997.

Review granted at 133 Wn.2d 1015 (1997).